N/s/1

1  *Name:* Carol Elaine Wassmann

2  *Address:* P.O. Box 247

3  Dana Point, CA 92629

4  *Phone:* (949) 493-1908

5  Plaintiff In Pro Per

FILED
CLERK, U.S. DISTRICT COURT

SEP 2 2 2022

CENTRAL DISTRICT OF CALIFORNIA
BY EEE                    DEPUTY

6

7  **UNITED STATES DISTRICT COURT**

8  **CENTRAL DISTRICT OF CALIFORNIA**

9                                          8:22-CV-01731-FWS-DFM

10  CAROL ELAINE WASSMANN,          **Case No.:**
                                          (To be supplied by the Clerk)
11  **PLAINTIFF,**                  **COMPLAINT FOR:** DAMAGES &
                                    INJUNCTIVE RELIEF (1) Race-Based
12  vs.                             Discrimination in violation of (PERB)
13  SOUTH ORANGE COUNTY            (2) Race-Based Harassment in violation
    COMMUNITY COLLEGE DISTRICT,    of PERB) and
14  KARIMA FELDHUS, ROBERT         (3) Failure too Prevent Discrimination
15  BRUMUCCI, GLENN ROQUEMORE      and Harassment in violation of
16  LEWIS LONG, KATHERINE          (PERB)
17  SCHMEIDLER and Does 1
18  Through 50, inclusive          **Jury Trial Demanded**
    **DEFENDANT(S).**

19

20

21                     **I. JURISDICTION**

22      1. This Court has jurisdiction under The Right too Work

23  Discrimination on National Origin 8 U.S.C. §13246

24  8 U.S.C. §1324b (a)(1): 442 CIVIL Rights: JOB [28 U.S.C

25  §§§1331, 1441, 1446, 1447, RULE 11] U.S.C §1343 FEDERAL

26  QUESTION JURISDICTION arises Pursuant too 42

27  U.S.C. § 1983 (FEDERAL QUESTION)

28  L.R. 7-18 Motion for Reconsideration: (a) & (c)

1

Pro Se Clinic Form                    *Page Number*

## II. VENUE

2. Venue is proper pursuant to California Evidence Code Section 452 subdivisions (b), (c), (d), (g) and (h) Defendants SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT, a public entity ("District").

## III. PARTIES

3. Plaintiff's name is CAROL ELAINE WASSMANN. Plaintiff resides at: (HOMELESS) in Orange County, California 92629.

4. Defendant KARIMA FELDHUS is a resident of Orange County, California, and is the Dean of the Irvine Valley College Library, and is based out of Irvine Valley Community College, 5500 Irvine Center Drive, Irvine, California 92618

5. Defendant ROBERT BRUMUCCI is a resident of Orange County, California, and is the V.P., Chancellor for the South Orange County Community College District, and is based out of S.O.C.C.C.D 28000 Marguerite Parkway, Mission Viejo, CA 92692

2

6. Defendant GLENN ROQUEMORE is a resident of

*Insert ¶ #*

Orange County, California, and is the President of the Irvine Valley community college, and is based out of 5500 Irvine Center Drive, Irvine, California 92618

7. Defendant LEWIS LONG is a resident of

*Insert ¶ #*

Orange County, california, and is the Union President for California Teachers Association ("C.T.A") SOUTH COUNTY, and is based out of 5500 Irvine Center Drive, Irvine, CA 92618

8. Defendant KATHERINE SCHMEIDLER is a

*Insert ¶ #*

resident of orange county, California, and is the Union California Teacher's Association ("C.T.A") GRIEVANCE CHAIR and is based out of 5500 Irvine center Drive, Irvine CA 92618

## IV. STATEMENT OF FACTS

9. Plaintiff Carol Elaine Wassmann ("Black Faculty" or "Wassmann") for her Complaint against the South Orange County Community College District ("SOCCCD") and California Teachers Association ("CTA") Defendants Collectively allege as follows:

Please Note: CT = "COURT TRANSCRIPT"

10. This action seeks too remedy the harm that Black (Faculty) Wassmann suffered from certain unlawful actions of Defendants "SOCCCD and CTA" Collectively. Black Faculty, Plaintiff is **HOMELESS**. Career advancement stigmied. Her "tentured" teaching Position at Irvine Valley Community College (IVC) was ripped from her soul eleven years ago.

11. (Black Faculty Plaintiff) recieved tenture March 2009. Six (6) months later on Friday September 11th, 2009, dean Karima Feldhus (Defendant) wrote a scathening letter of reprimand towards (Black (Faculty) Plaintiff). The (deans actions was liken too schizophrenic behaviour. The college library Department was assigned six (6) different deans in five (5) years. Feldhus was dean number six (6).

12. The Continued pattern of justice denied supports the ampel evidence of race discrimination against ("Black Faculty Plaintiff"). Title VII authorizes the Court too address Complaints that a school board is depriving ("Black Faculty Planiff") equal protection based on race, colour, religion, sex or national origin. See 42 U.S.C. §§ 2000c-6. §(CT 2305:10); and age discrimination too boot.

13 While in the throws of trauma I ("Black Faculty Plaintiff") did not see the decit of what the ("SOCCCD" and "CTA") collectively defendants had done. I ("Black Faculty Plaintiff") have a Case for Prima Facie. I ("Black Faculty Plaintiff") have been disenfranchized. The SOCCCD actions was arbitrary or capricious and inconsistent with: Due Process under the Law. A Copy of the April 3rd, 2014, PERB WARNING LETTERS is attached as Exhibit: A. ("Ex.A")

14. The district hired a Facilitator too interview all the (library) staff members; including the dean. However, ("Black Faculty Plaintiff") was "singled out." Despite years of Good performance evaluation (EX.B) ("Black Faculty Plaintiff") was taken too the "auction Block" and was unreasonably terminated. (Exhibit:C) Defendants did not fulfill their constitutional responsibility, in violation of Education Code: TIMELINE. CA Education code: 87734 CA Education code: 87735 (PLEASE SEE EXHIBIT: E)

15. The proof of ("Black Faculty Plaintiff's") innocence, has been buried by the defendants ("SoCCCD and C.T.A.") Collectively in over a thousand pages of documents submitted too the Orange County Superior Court house. Yet, collectively, the ("SoCCCD" and Union "CTA") defendants ignored their obligations too follow i.e., abide by the law and administer, equal treatment too a person of colour and fairness. Defendants engaged in an abuse of discretion, and actions not in accordance with the law.

16. The ("SoCCCD and Union CTA officials") Defendants deliberately ignored my legal complaints (Rebuttals) (EX: D) and fight for Justice too save my career and Job. The ("SoCCCD" and "C.T.A. Union") defendants collectively acted with extreme egigrious intent toward Black Faculty Plaintiff in their pursuit too terminate her employment. (9 CT 2596 - 2597) (6 CT 1690 - 1691)

17. Rather than responding openly, and constructively too the concerns raised by ("Black Faculty Plaintiff Carol Elaine Wassmann, regarding inlusiveness and racial equity, in adhereing too the timeline set-forth in the education code and California Educatzon code. Too ensure equal treatment for faculty of colour. (6 CT 1686 - 1688), (9 CT 2596) (The CA Education Code: 87734) (Exhibit: E)

Pro Se Clinic Form

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

( Race- Based Discrimination in violation of PEAB ) Plaintiff
*insert title of cause of action*

(As against Defendant(s): South Orange County Community
College District et.al,                              )

18. Defendant's unfair and retaliatory conduct
toward "Black Faculty Plaintiff did not occur in
isolation, but rather as part of a broader pattern,
extending over eleven (11) years, of unfair treatment
and insensitivity by the ("SOCCCD and Union C.T.A")
toward this (Black Faculty Plaintiff:).   (9 CT 2514)

19. Based on the Evidence ("Black Faculty Plaintiff)
Believes that she was treated differently than other
employee in similar situation. Mr. Lawrence,
"Larry" Kaufman "white" instructor engaged
in the conduct of "... Kiddy Porn..." on campus
computers, during his work / hours...

20. The ("SOCCCD" and Union "C.T.A") defendants made
clear too Black Faculty Plaintiff that the school was not
fostering "an equitable and inclusive community for
faculty of colour, when Larry Kaufman was given
a nice "exit" packet for his time on the school
computer engaged in "Kiddy Porn". (Deposition 2011)

7

(Freedom of Information Act statue (2016)
Public Law № 114-185 §552)

21. (Black Faculty Plaintiff) instructor was discipline more harshly / Job Termination for having Hand cream on her work cart (Exhibit: F) (3 CT 771: 16-19).

Instead, the ("SOCCCD and C.T.A union") collectively inflicted extreme and unwarranted harm on ("Black Faculty Plaintiff") who had recently recieved tenure. In so doing the "SOCCCD and union" Defendants acted impermissibly too silence and retaliate against (Black Faculty Plaintiff") And the union C.T.A Lack luster too represent and protecting rights.

22. Please Note: The "Notice To correct Deficiencies" (documentation) becomes the "Statement of Charges, when "Black (Faculty) Plaintiff is taken too the office of Administrative OAH Hearing. (7 CT 2064-2078)

(Exhibit: G)

23. Timeline violation of California Education Code: 87734 by the ("SOCCCD & union c.T.A") defendants in serving Black (Faculty) Plaintiff The "Notice To correct Deficiencies" Date: Monday, March 29th, 2010. i.e., the President's 90 day termination letter packet had EXPIRED. On June 30th, 2010 (including Weekends). Excluding Weekends the 90 day termination is July 29th, 2010. (Exhibit: H) And (Exhibit: I)

8

24. Black (Faculty) Plaintiff is placed on "Administrative leave
*Insert ¶ #* effective: Tuesday, November 16th, 2010. Time line violation of
4 1/2 months, passed the deadline. (Exhibit: J)
It made me ("Black Faculty Plaintiff") feel less than human
It made me feel very disrespected as a professional.
I would like everyone who was part of this (wrongful
job Termination) process too be held (accountable).
President Donald Wagner is an attorney at-large, also
cannot follow the law. I want the Notice to correct Defiencies
stricken from my record.

25. under "Discovery" Black Faculty Plaintiff wants
the court too "subpoena" Lawrence (Larry) Kaufman's
exit packet i.e., sweet heart deal after he was
caught engaging in Kiddy Porn, on his work computer.
specifical: Personnel file, Retirement packet, Board
of Trustees minutes authorizing this sweet ♡ deal.
Exhibit: K)
Black Faculty Plaintiff was placed on Administrative leave
without cause.

26. The ("soccd" and "Union C.T.A") engaged in abuse of the
*Insert ¶ #* Evaluation Timeline. The Union defendants did not object/too
this action. Black faculty Plaintiff was not due for a
Performance Evaluation (until 2011. (6 CT 1595)
Wednesday, October 6th, 2010 Did not occur. (Exhibit: L)
Dean Feldbus "forced" Black faculty Plaintiff too more out of her
front office (library building) and placed her in the back of the
building (across from the restroom emulating fumes and odors.
Dean waited nine (9) months before offering too move me too a new
Location. (9 CT 2666), (9 CT 2427) (9 CT 2444:76)

9

1

**SECOND CAUSE OF ACTION**

2   (Race-Based Harassment in violation of PERB (Plaintiff)

insert title of cause of action

3   (As against Defendant(s): South Orange County Community

4   College District et. al,                                    )

5

6

7   27. Defendant (Feldhus) kept a separate file on Black

*Insert ¶ #*

8   (Faculty) Plaintiff. (2 CT 403:5-25), (9 CT 2050) violating

9   ARTICLE XVIII PERSONNEL FILES 1. There shall

10  be only one official personnel file for each faculty

11  member. Not two files. Once again, Black faculty Plaintiff

12  is subjected too prejudiced behavior, by the dean. This is

13  affirmed by her testimony at the OAH (2 CT406:15-17)

28  under Discovery Black Faculty Plaintiff request

*Insert ¶ #*

14  the Court too "subpoena" the S/CCCD for the nurses

15  log @ Irvine Valley college, documentation of Black Faculty

16  Plaintiff visit too the nurses station; trying in vain too

17  deal with the headaches caused by the RESTROOM FUMES

18  AND ODORS. (EXHIBIT: M) And (EXHIBIT: N)

19      29 The ("union CTA") Defendants SCHMEIDLER and LONG

20  *Insert ¶ #*

21  colluded with the ("SOCCCD") Defendants (Grievance chair)

22  Katherine Schmeidler at the OAH: " I can't recall the

23  details too the Weingarten Rights. National Labour

24  Relations Board (NLRB v. Weingarten) (1975) (4 CT 1141:17)

25  Also, the ("union C.T.A") was M.I.A. on (10/6/2010)

26  (9 CT 2608) They did not do their "due diligence."

27  For this ("Black Faculty" Plaintiff)

28  (See Exhibit: A(13)

10

30 under Discovery ("Black Faculty" Plaintiff) request the "Court too "subpoena" the ("Union CTA" Defenda paper work in Mr. Lawrence (Larry) Kaufman's professor / Librarian / faculty, defence. In the Bible this is called: "compare / and contrase". Black Faculty Plaintiff GOT NO HELP FROM THE "UNION. C.T.A." Black Faculty Plaintiff DID NOT SLAM HER OFFICE DOOR (3 CT 711: 1-7). Plaintiff is accused of wearing "sun glasses" that is deemed a violation in the deans eyes.

31. (Miller Vs. Chico Unified School Dist. (4CT 1005: 24 Cal. 3d 703 [ S.F. № 23937. Supreme court of 10-21 California. July 27th 1979) ("Black Faculty Plaintiff") Grievance was never filed by Kathy S. or Lewis Long Union defendants, after repeated requests too do so: (Government code § 12920) (Government Code § § 12961, 12965) The following dates (below) document my repeated requests too have my Grievance filed.

32. However, too no avail:

September 24th 2009
September 30th 2009
April 29th, 2010
September 14th 2010
September 16th 2010
September 17th, 2010
November 2nd, 2011

(1 CT 240 -245)                    (Exhibiti: O₂)

33 Black faculty Plaintiff was accused of having "Excessive /Absences" The sick time Black faculty Plaintiff Used, is sick time I earned. I had no Other recourse too escape the deans administrative attack on me. The dean (defendant) took my Library 10 class away from me. I NEVER MISSED ANY CLASSES THAT I TAUGHT. Black faculty Plaintiff has experienced a number of discrepancies with the administrative

34 assistant (Rosie). "Common Practice" when she signs Plaintiff's absent forms with the notation: "unavailable for signature." Black faculty Plaintiff has made this (repeated) request: that in order too confirm these alleged absenses Black Plaintiff needs Human Resources too provide Black Plaintiff with the "original" Absent forms. (January 2009 to November 2010). to verify the dates and the signature i.e., Rosie signing in my stead.

35 (Black Faculty Plaintiff) made this request again too see the original documents at the termination hearing. Her request was denied. The judge said that the "printed" documents pertaing too Black Plaintiff sick time used " housed" at the Human Resources saddleback college would suffice. State law requires that you (Plaintiff) be given a copy at your request of any job related document bearing your signature. B lack Plaintiff was _denied_ this basic right. (2 CT 589: 4-25) (Exhibit: P)

12

36. The "wrongful" Job Termination of Black Faculty, Plaintiff Carol Elaine Wassmann was achieved by the ("SOCCCD and Union C.T.A") collectively filing well over 1,000 page documents too the Court too conseal the lies. Therefore, the Defendants in this case was Granted summary Judgment under false pretense. The (legal) timeline Job Termination had been egregiously violated. (Exhibit: Q )

37. The SOCCCD termination of Black faculty Plaintiff was not based upon, and could not have been based upon Plaintiff's academic performance. (Ex: R A pattern of deceit is evident when the SOCCCD Defendant tell Black faculty Plaintiff in the email her case will not be addressed by the Booard (Donald P. Wagner President), at the November 17th 2010 meeting. Exhibit: S ) Contradiction ensues when Black Faculty Plaintiff is Given a letter stating: YOU WILL BE TERMINATED AT THE BOARD OF TRUSTEES MEETING/ON NOVEMBER 17, 2010.

38 It is impossible for Black Faculty (Ex: T ) Plaintiff too defend her herself; if she does not have a seat at the table. I was told in writing there would be no meeting. Therefore i was a no-show. God told me this behaviour on the part of defendant is unlawful. My meeting with Roquemore President and Brumucci vice chancellor is unsuccessful too save my job. (Exhibit: U )

39.  On Thursday, August 11th 2011 @ 3:03 p.m
The Board of Trustees terminated my teaching
Position. Black Faculty Plaintiff submitted her
NOTICE OF OBJECTION TOO THE STATEMENT OF DECISION
TOO DISMISS on Thursday April 7th 2011.
(Exhibit: V)   The SOCCCD defendants violated
California Education code: 87673. Black Faculty
Plaintiff was not served within 30 days of the
date of the service of the notice. (SEE EXHIBIT W)

40. ∴ The SOCCCD Defendants are 126 days in
violation of the 30 days RULE.
Black Faculty Plaintiff request under "Discovery"
subpoena Board of Trustees "Minutes" for
the following Date: Monday, August 30th 2010
on a 5 to 4 vote with Trustee Fuentes being absent
and President Donald P. Wagner casting a (−)
negative vote, a faculty member was put on
administrative leave, pending further action.

41. The SOCCCD was not in accordance with the
procedure outlined in the California Education
code: 87673 and the California Government
code: 11506. (a) Within 15 days after service of the
accusation the respondent may file with the
agency a notice of defense in which the respondent
may (2) object too the accusation upon the ground.
that it does not state acts or omissions upon which
the agency may proceed. (Exhibit: see Exhibits
(Exhibit: W)                          I (1) I (2) I (3))

14

42. Black Faculty, Plaintiff is completely unaware of the /allegations Dean Feldhus made at /Plaintiff's termination hearing. Black Faculty, Plaintiff is accused of wearing "Sun Glasses" and that is deemed a /violation (in the deans eyes). (4 CT 1005: 10-21), 4 CT 1039: 11-25). Black Faculty, is accused of slamming her office door repeatedly. Plaintiff did not slam her office door. (3 CT T11: 1-7)

43. Black Faculty Plaintiff's small (2 oz) tube of hand cream Mrs with a Playboy Bunny Logo is a violation. 3 (CT T11: 16-19), (3 CT T12-13-16) However, Black Faculty Plaintiff's small perfume bottle (on a book cart), is seen as an "Egregious" violation (3 CT T72: 13-16); (3 c T T73: 2-25) Miller vs. Chico unified school Dist., 24 Cal. 3d 703 [S.F. No 23937, Supreme court of california. July 27, 1979.]

44 Black Faculty Plaintiff's Depositions: (12/21/2011) & (01/06/2012) dean Feldhus Defendant whipped out her personal - cell phone a BlackBerry, and shows pictures of Black Faculty Plaintiffs /office -- after an OUT/REACH PROGRAMME was very successful. Plaintiff under "Discovery" subpoena Dean Feldhus defendant's BlackBerry cell phone records. (Exhibit: X )

45 California Education Code 87678 states:
"... the Governing board shall CERTIFY the matter too
the office of Administrative Hearings and request
the appointment of an administrative law judge."
On the TIMELINE violation alone: California Education
code (87734); (87666); Government code §(12920)
Government code §§ 12961, 12965. Black Faculty Plaintiff
wants the Court too STRIKE the Notice to Correct
Deficiences from her record.

46. The SoccCD & Union C.T.A Defendants achieved
Summary Judgment (in their favour); based on
hear-say. The Law in the United states is based
on facts. The TIMELINE VIOLATION alone does not
support this practice (Gain). (Exhibit: Y)
Therefore, Black Faculty Plaintiff wants the
Court too STRIKE Summary Judgment from her
record. And re-instated too her tenure Teaching Job.
Including: a monetary award of all damages suffered by
Plaintiff as a result of Defendant's actions.

47. In the Defendants deceitful actions.
inconsistent signatures appear on the signature
page of the Notice to Correct Deficiences.
All efforts are made too hide the lapse of time-
line by defendants. The signatures of the later
date were submitted too the OAH; not the earlier
document bearing Dixie Bullocks and Glen
Roquemore (President) signatures.
(Exhibit: Z)

16

48. The matter (Case Nº 2011060807) was heard
Insert ¶#
before an administrative law judge in a five-day
administrative hearing. (1 ct 57:15).
More importantly, the first Administrative Law
Judge: Honorable Amy Yearty (too look at the
case) said on Friday, September 16th, 2011:
"... the charges do not rise too the level of
insubordination." And the judge asked the
SOCCCD Defendants, too consider reinstating Carol.
The SOCCCD declined.
49. California Government code (a) 11507.7 &
Insert ¶#
(f) 11507.7 States: "... The administrative law
judge shall no later than 15 days after the
hearing make it's order denying or Granting
the motion. January 17th, 2012 was the start date
of a 5-day administrative hearing. Ending on
Tuesday, January 24th 2012. Plaintiff's Termination
was sustained AUGUST 28th 2012. A violation of
a seven (7) months time lapse.
50. Black Faculty, Plaintiff wants the court too
Insert ¶#
STRIKE: Termination Sustained. Documentation,
dated AUGUST 28th, 2012 Office of Administrative
Hearings. The TIMELINE VIOLATION DOES NOT
SUPPORT THIS ACTION. Black Faculty Plaintiff
has been made too feel like a second class
citizen. One Rule for White FOlK, and
one Rule for Black FOlK. (me)
Exhibit: A A

Pro Se Clinic Form                    Page Number

51. Black Faculty Plaintiff's Doctor's Note was
*Insert ¶ #*
Given too David Urban (SOCCCD Attorney); via
Dean Feldhus "Blackberry" cellphone WITHOUT
Black Faculty Plaintiff's permission too do so.
9 CT 2616 (too 2618). Plaintiff's doctor's note
Was also Given too Rosie Narra's again WITHOUT
Black Faculty Plaintiff's written permission.
(Exhibit: B/B) (HIPAA) Pub. L 104-191, 110 Stat. 1936 (1996)

52. Dean Karima Feldhus Defendant went
*Insert ¶ #*
out of her way too "REMOVE" Black Faculty
Plaintiff's MEDICAL RECORDS (from Human
Resources); after Black Faculty Plaintiff stated
that the reason she delivered her doctor's
note (personally) too Human Resources was
too keep her medical information private.
Dean Feldhus would not take this action
with a white faulty member. (HIPAA Pub. L
104-191, 110 state. 1936 (1996)
53. The socccD Defendants) ignored Black
*Insert ¶ #*
Faculty Plaintiff's request for "Confirmation"
in regards too her medical coverage status
while Plaintiff was receiving unemployment.
benefits in 2011. Enrollment paperwork sent
too Black Faculty Plaintiff was once again,
sent after the (enrollment) deadline had
passed (9 CT 2620-2621). Violating Labour
Code Section: 2800.2 (a) employer is solely responsible
for notification of conversion coverage. (Exhibit: CC)

18

54. Under "Discovery" Black Faculty Plaintiff
wants the Court too "Subpoena" the Nurse's
Log-in Roster @ Irvine Valley College timeline
September 2009 to November 2010. i.e,
Plaintiff went too the nurses station (on Campus) too
seek relief from the dean's harassment upon her
arrival too the Library dept in 2008. Feldhus was the
6th dean in 5 years assigned too the Library dept.

55 Black Faculty Plaintiff's visit too
the nurses station on campus was an
attempt too remove myself from the
Dean's Racial Harassment. On one occasion
dean Karima Feldhus followed Black faculty
Plaintiff too the RESTROOM. SHE WAITED OUTSIDE
THE DOOR FOR ME TOO EXIT. A violation of the
Equal Protection Clause when school officials are
deliberately indifferent too known harassment.

56 See, e.g., Murrell, 186 F.3d at 1250-51;
Bryant vs. Independent Sch. Dist. No. 1-38, 334 F.3d
928, 934 (10th Cir. 2003). Black faculty Plaintiff
received a rude reply from Mr. David Bugay
Director of Human Resources (for the SOCCCD).
Human Resources sent Plaintiff an out dated
letter pertaining too her COBRA coverage. The
letter is sent after the deadline too register (for
enrollment) had passed (9 CT 2620-2624)
(See Exhibit: CC)

19

57. Defendants willfully violated: California
codes: 28000.2/(a) pursuant to Part 6.1
commencing with Section 12670 of division 2
of the Insurance code or Section 1373.6
of the Health and Safety code. (b) Any
employer, whether private or public, that
provides hospital, medical or surgical expense
coverage that a former employee may continue
under Section 4980 B of Title 26 of the U.S code,

58 Section 1161 et seq of Title 29 of the
United States code or Section 300bb of Title 42
of the United States Code, (Public Law 99-272),
COBRA. Notify the former employee of the
availability of continuation coverage under
Section 1373.62f of the Health and Safety code
and Section 10116.5 and 11512.03 of the
Insurance code. (a) and (b) shall also include
the following notification:

59 "
" Please examine your options carefully before
declining this coverage."

Black Faculty Plaintiff evidence (herein) Proves
that Black Faculty Plaintiff was NOT given this
basic option.
(Exhibit: DD)

20

Page Number

Pro Se Clinic Form

**THIRD CAUSE OF ACTION**

(Failure Too Prevent Discrimination and Harassment in violation of (PERB) insert title of cause of action Plaintiff

(As against Defendant(s): South Orange County Community College District et. al, socccd )

60 Plaintiff's ARBITRARY AND CAPRICIOUS
_Insert ¶ #_
TERMINATION, incorporate by reference all of the allegations of this complaint as through fully set forth herein.

61. Because the socccd termination of Black
_Insert ¶ #_
Faculty Plaintiff was not based upon, and could not have been based upon Plaintiff's academic performance or conduct Given her stellar records "OUT REACH PROGRAMMES" at the school. (Exhibit: EE )

62 The socccd termination decision did not
_Insert ¶ #_
implicate the school's judgment or discretion with regard too Black Faculty Plaintiff's tenure status. Instead, the socccd made an unfair decision too breach it's obligations, terminating Black Faculty Plaintiff in retaliation for this Black & reasonable concerns and response too the "statement of charges" "cooked-up" and Rebuffed through Plaintiff's five (5) Rebuttals. (see Exhibit: D)

21

63 under Discovery, Black Faculty, Plaintiff
*Insert ¶ #* wants the court too "subpoena" the "socccD"
Defendants employment Record for Anasa
Sinegal part-time instructor. And more.
importantly the daughter of Jayne Sinegal
Library chair. PERJURY (§ 118 Penal Code).
IN THE COURT OF APPEAL OF THE STATE OF
CALIFORNIA -- FOURTH APPELLATE DISTRICT
DIVISON THREE -- OPINION page: SIX (6) (Exhibit: FF)

64 The judgment CANNOT BE AFFIRMED
*Insert ¶ #* On hear-say. Defendants Karima Feldhus,
Robert Brumucci and Glenn Roquemore
presented too the court ONCE AGAIN
Fraudulent documents: "... Wassmann (Plaintiff)
also testified one reason for turning down the
request was that Sinegal's daughter ANASA
SINEGAL was going too be a student in the
class.

65 Black Faulty, Plaintiff knew that she
would *Insert ¶ #* have been in a situation called:
"DOUBLE JEOPARDY" if she agreed too teach
that class. The chair's daughter was the
"INSTRUCTOR" for the class NOT A STUDENT.
under DISCOVERY Plaintiff wants the court too
"subpoena" the SOCCCD Defendants for the
following: Essental Documents

66. Under "DISCOVERY" Black Faculty Plaintiff
wants the court too "Subpoena" the "SOCCCD"
defendants for TIMELINE PERIOD of IVC IRVINE
VALLEY COLLEGE CLASS Schedule begining ANASA
SINEGAL'S WORKLOAD ALL CLASSES TAUGHT BY
HER. Anasa's signed i.e. Signature Employment
contract with the SOCCCD. Anasa's Tax
Returns for the years 2010 and 2011. (W2).

67. My heart Sunk When i Saw what they
defendants had presented too the court. The court
is not by design Set-up too Sustain and
Affirm judgment based on lies and deceit.
comprised of Missed processes, No communication
from the SOCCCD OR Union defendants C.T.A.
The "Internal Processes" i.e, Board of Trustees
BROKE DOWN, in Black Faculty Plaintiffs Case.

68. Black Faculty Plaintiff's Statement of
facts: The United States Constitution requires
"under the totality of the circumstances test,
a single incident of racial harassment, if
Sufficiently Severe, could give rise too a
Viable Title VII Claims") Terry Vs. Ashcroft 336 F.
3d 128 (2d cir. 2003) ("[A] Sufficiently Severe.
episode may occur as rarely as once,

23

Pro Se Clinic Form

69. while a relentless pattern of lesser racial harassment that extends over a long period of time also violates the **Title VII** statute." Bowen vs. Missouri Dep't of Soc. Servs., 311 F.3d 878, 884 (8th Cir. 2002) ("A claimant need only establish discriminatory conduct which is either pervasive or (severe."). Plaintiff seek declaratory and injunctive relief against the defendants for violating the Constitution.

70. United States Constition, Civil Rights Act of 1964, Public Law (78 Stat.241). 19 United States Constition, Fifth and Fourteenth Amendments XV (1776). The primary legal disputes arising from Black Faculty Plaintiff's Complaint are:
A) Whether Plaintiff's challenge is Reviewable under the FEDERAL QUESTION Doctrine.
3) Whether Defendant's conduct warrants a declaratory judgment, under 28 U.S.C. §§ 2201 and 2202.
(C) 71. Whether Defendants conduct warrents ALL THE CHARGES AGAINST BLACK FACULTY Plaintiff Carol Elaine Wassmann VACATED and prohibiting Defendants and all those acting in concert with them from perlonging the living Hell I am in " EXONERATED!'

Defendants violated California Education Code: 87672 **TIMELINE** "... impose penalties for a period not too exceed one year..." SIX Months passed a year 6/30/2010 too Deadline . 12/31/2011

Pro Se Clinic Form

72. Defendants ("Socccd & union C.T.A") violated
*Insert ¶#* the California Education Code: 87674 Within
30 days of the receipt by the district Governing board
of the employee's demand for a hearing the employee
and the Board of Trustees Donald P. Wagner Present
shall agree upon an arbitrator too hear the matter.
Black Faulty Plaintiff WAS NEVER OFFERED AN
ARBITRATOR. Plaintiff under DISCOVERY request's
The court too subpoena defendants as too why NO NAME
EXISTS? Board of Trustees Minutes Will REVEAL the
*Insert ¶#* 73. TRUTH behind the lies... Also, defendants violated
the California Education Code: 87675 The
arbitrator shall conduct proceedings in accordance
with chapter 5 (commencing with Section 11500)
The above action was not available too "this Black
♀" Black Faculty, Plaintiff was never offered an
Arbitrator by the Board of Trustees OR the union.

74. The socccd & union C.T.A Defendant's June
*Insert ¶#* 12th, 2018 Public Opinion publication is not legally
sound: The "established" multiple violations i.e.
Education Code and the California Education code
Egregious timeline violations en-acted by the
defendants historically and current law practices
does not support opinion affirmed and Summary
judgement affirmed by the FOURTH DISTRICT COURT OF

Pro Se Clinic Form

75. Appeal, Division 3. on June 21st, 2018, the document reads as follows:

" CERTIFIED" FOR PUBLICATION

Order Granting Request For Publication Ex: G(4)

Black Faculty Plaintiff's Wrongful Job Termination documents and processes CAN NEVER BE CERTIFIED because of the "Egregious" TIMELINE violations & Institutional racial discrimination acts by both the socced and union defendants. case in point:

76. Black Faculty Plaintiff was required too file with the Court substitute of Attorney. In the court of Appeal courtroom: (601 W Santa Ana Blvd). In my fifteen (15) minute statement too the court, I told the Justices that Miss Amy Moolin Cu ESQ. should not be allowed toospeak. Mr. Zimmerman was no more; and she just appear one-day. Every word that came out of her mouth must be strike from the record. Ms Cu did not file

77. for Substitute of attorney. The defendants council was served notice of the time and place of the hearing before the Justices; but did not file the necessary legal court documents. Ms Cu's actions falls under / NONAPPEARANCE. Under discreuy Plaintiff wants the Court too subpoena the CEO's of Schwartz, steinsapir, Dohrmann & Sommers LLP too explain too the court why their attorney's are not required too file for: Substitute of attorney?

26

78. Therefore, in legal terms NO "ROA" FOR Ms. Cu replacing Mr Zimmerman. This action is illegal. Black Faculty Plaintiff requests this court too ask this law firm too explain themselves. Black Faculty Plaintiff's Declaration is left in-tact. (8 CT 2397 /2400). Defendants Objection, too Carol Elaine Wassmann plaintiff are "overruled." (9 CT 2514) (April 15th, 2016 ROA: 271) (9 CT 2484-2507).

79. It is very important too note that Black faculty Plaintiff NEVER MISSED ANY OF HER LIB 10 classes that she taught. Dean Feldhus took Lib 10 away from Black Faculty Plaintiff. January 2012, my case (№ 2011060807) was brought before the "Office of Administrative Hearings" (OAH) (Los Angeles Div) witness (from the SOCCCD) were brought to the "downtown" courthouse, too testify against me. AUGUST 29th, 2013 My Appeal was Denied by a temporary sit

80 Judge; (Superior Court, Santa Ana). December 11th, 2013, I filed a wrongful JOB Termination Lawsuit against The SOCCCD & the Union (C.T.A) April 12th, 2016 Motion For Summary Judgment And /or Adjudication @ 8:30 a.m. (Superior Court: Santa Ana)

By "Law" I am allowed too "Review" and have "Access" too my case file:

Case № 2011060807. This was the 1st time in five (5) years that it seemed (as it say's in the Bible):

81. "In the Beginning", So, It made sense too me too Go back too the "Office of Administrative Hearings" (OAH), too "EXAMINE" ALL the documents in my case file, something that I had NEVER done before.

I "Discovered a Multitude of Misconduct" Specifically:

82 "Fabricated" Faculty Performance Evaluations
(2) "Blank" forms; i.e., "Objection to Dismiss." I signed this form; however, my signed document is missing from my file.
(3) Inconsistent signatures on my Performance Evaluations.
I have requested an "Investigation" and the ability to "file a Complaint against the (OAH). This Extreme and Outrageous behaviour has been allowed to be displayed as A Public Record for five(5) years
83 There is a huge problem with the Preponderance of Evidence at the (OAH). Therefore, this evidence must be expunged immediately. (Exhibit: HH)

Black Faculty Plaintiff Carol Elaine Wassmann was "singled out" by the dean for Racial Discrimination in comparison too her white counterparts. i.e., Lawrence "Larry" Kaufman. Senior Librarian/professor, engaging in Kiddy Porn.

28

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

84. Too Be Re-instated too her Tenure
Insert ¶#
Teaching position Librarian/Professor at
Irvine Valley community college:
Carol Elaine Wassmann Librarian/Professor (EX:HH)

85. Statutory Violations By Defendant's actions
Insert ¶#
One Million Dollars ($1,000,000) too be paid too
Plaintiff Carol Elaine Wassmann every time the
word California government code and California
Education code appears in defendant's court Documents

86 All Defendants Be Required too visit the
Insert ¶#
"...Museum of Tolerance..." open 7-days-a-week
Los Angeles California 90036

87. For such other and further relief
Insert ¶#
as the Court may deem just and
equitable.

1

## VII. <u>DEMAND FOR JURY TRIAL</u>

2

3

4      Plaintiff hereby requests a jury trial on all issues raised in this complaint.

5

6

7      Dated: *September 22nd, 2022*

8

9

10     Sign: *Carol Elaine Wassmann*

11     Print Name: *Carol Elaine Wassmann*

12                 Plaintiff in pro per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Name:  Carol Elaine Wassmann

2  Address:  P.O. BOX 247

3  Dana Point, CA 92629

4  Phone: (949) 493-1908

5  Plaintiff In Pro Per

6

7                    **UNITED STATES DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9

10  CAROL ELAINE WASSMANN  )  **Case No.:**

11          **PLAINTIFF,**  )  (To be supplied by the Clerk)
                                )  **COMPLAINT FOR:** PLAINTIFF
12          **vs.**             )  CAROL ELAINE WASSMANN
13  SOUTH ORANGE COUNTY       )  COMPLAINT OF DISCRIMINATION:
     COMMUNITY COLLEGE DISTRICT )
14  KARIMA FELDHUS, ROBERT    )  EXHIBIT LIST AND
15  BRUMUCCI, GLENN ROQUEMORE )  (EXHIBITS A TOO HH)
16  LEWIS LONG, KATHERINE     )
17  SCHMEIDLER and DOES 1     )  **Jury Trial Demanded**
18  Through 50 inclusive  **DEFENDANT(S).**  )

19

20          Pursuant to California Code of Civil Procedure

21  Section 437c(b)(1) and (d), and California Rule of Court

22  3 1350, Plaintiff Carol Elaine Wassmann hereby

23  Submits the following Evidence in support of:

24  (1) Accompanying Plaintiff Carol Elaine Wassmann's

25  complaint (and Summons); Exhibit List and Exhibits

26

27  (2) Complaint of Plaintiff Carol Elaine Wassmann,

28  In Pro Per, with the following exhibits attached:

                              1

Pro Se Clinic Form                    *Page Number*

Exhibit A: True and Correct copy of Public
          Employment Relations Board  --
          WARNING LETTERS

Exhibit B: True and Correct Copy of (Plaintiff)
          EXCELLENT evaluation PERFORMANCE
          letter too Glenn Roquemore College
          President.

Exhibit C: True and correct copy of Plaintiff's
          email (Request For Confirmation) too
          Human Resources Director; David
          Bugay

Exhibit D: True and Correct copy of Plaintiff's
          Rebuttals through Court Transcripts(CT)

Exhibit E: True and correct copy of
          (Excerpt) California Education code:
          (87734)

Exhibit F: True and correct copy of (Excerpt)
          "Egregious" violation directed harm at
          Plaintiff through Court Transcripts
          (4 CT 1005: 10-21)  4 CT 1039: 11-25
          (3 CT 711: 1-7) (3 CT 771: 16-19)
          (3 CT 772: 13-16) (3 CT 773: 2-25)

2

1  Exhibit G: (Excerpt) True and correct copy:
2  Cover sheet of the
3  office of Administrative Hearings.
   (OAH) / Transcript of Proceedings
4
5  Exhibit H: True and correct copy Plaintiff's
6  emails too Cheryl Shelly <cshelly@
7  perb.ca.Gov> and Kathy Schmedler
8  (Defendant) that coincides with
9  Timeline violation of California Education
10 code: 87734
11 Exhibit I: True and Correct copy of
12 united states Calendar for Year: 2010
13 united states Calendar for Year: 2011
14 United States Calendar for Year 2012
15
16 Exhibit J: True and correct copy (Excerpt) of:
17 Notice to Correct Deficiencies —
18 Unsatisfactory Performance and
19 unprofessional conduct By Defendants
20 violating California Education code:
21 87734 & 87735, 90-Day Deadline had
22 Expired.
23                    And
24 (Excerpt) True and correct copy of
25 Plaintiff's email that coincides
26 with verifying that the 90-Day
27 Deadline had Expired.
28

Pro Se Clinic Form

Exhibit K: True and correct copy of letter
from Human Resources; placing Plaintiff
on unauthorized Administrative Leave
And
Plaintiff's email True and Correct copy
that coincides with the President's
Secretary (Sandy Jeffries) email that
CONTRADICTS the Administrative
Leave Process.

Exhibit L: True and correct copy of
Plaintiff's email too Defendants
Kathy Schmeidler, Lewis Long and
Karima Feldhus; subject:
Harassment (october 6th, 2010)

Exhibit M: True and Correct copy of
Plaintiff's email documenting
Plaintiff's visits too the
(Nurses station) Headaches.

Exhibit N: True and correct copy of
Court Transcripts: (Excerpt)
Dean waited Nine (9) months too
respond too Black Faculty, Plaintiff
about the Fumes and Odor entering
her Office from the Staff RESTROOM.

4

1  Exhibit O: (Excerpt) True and correct Copy of Plaintiff
2           PERB Filing too have her GRIEVANCE FILED
3      By the Union; too no avail.

4

5  Exhibit P: True and correct copy of Plaintiff's letter
6           too President Roquemore (Defendant)
7      Pertaing too "discrepancies" with
8      Absence Verification Forms.

9

10 Exhibit Q: (Excerpt) True and Correct copy of
11         California Education Code: 87737.

12

13 Exhibit R: True and correct copies of (Black) Plaintiff's
14         email too Dept. Chair Jalyne Sinegal describing
15      yet again a successful outreach
16      programme at Hillview High school.

17

18 Exhibit S: True and correct copy of Executive
19      Assistant too The President Sandy.
20      Jeffries' email too (Black) Faculty Plaintiff.

21

22 Exhibit T: True and correct copy of (Excerpt)
23      President Roquemore's letter too Black
24      Faculty Plaintiff Contradicts the JOB
25      Termination process

26

27

28

Exhibit U: True and correct copy of:
        Flow Chart of Events By (Plaintiff)
        Carol Elaine Wassmann

Exhibit V: True and correct copy of Black (Faculty)
        Plaintiff's OBJECTION TOO THE:
"NOTICE OF OBJECTION TOO THE STATEMENT TO
DECISION TOO DISMISS" Signed and Dated.

Exhibit W: (Excerpt) True and correct copy of
        California Government Code:
        11506  and;
        California Education Code:
        87673 & 87678

Exhibit X: True and correct copy of picture.
        By Black (Faculty) Plaintiff showing
        Just some of the materials needed
        for her OUTREACH PROGRAMMES @ the
        Hillview High School Continuation
                                School.

Exhibit Y: True and correct copy of court
        Transcripts (Excerpt) documenting
        foul-play on the part of
        defendants' deceitful locations.

6

Exhibit Z: True and correct copy of court
Transcripts (Excerpt) documenting
Evidence at the OAH is
Tainted.

Exhibit AA: (Excerpt) True and correct copy
of California Government code: 11507.7 (F)

Exhibit BB: True and correct copy of David
A. Urban in possession of Black
(Faculty) Plaintiff's Doctors Note
via dean's school email &
Blackberry Cellphone.

Exhibit CC: True and correct copy of "Expired"
Health coverage letter sent too
Black (Faculty) Plaintiff via
Human Resources

Exhibit DD: True and correct copy of
Rules that prohibit anything to be filed
after the period has EXPIRED.

Exhibit EE: True and correct copy of Black
(Faculty) Plaintiff's email sent
too Library Chair Jayne Sineigal
describing OUTREACH School Activities
up-coming.

7

1  Exhibit FF: True and correct copy of:
2              Excerpt In The Court of the State of
3              California : FOURTH APPELLATE
4              DISTRICT DIVISION THREE
5
6  Exhibit GG: True and correct copy of:
7              PROOF OF SERVICE.
8              Request For Publication of
9              June 12th, 2018 Appellate
10             Opinion.
11
12 Exhibit HH: True and correct copy of
13             Black (Faculty) Plaintiff.
14             Carol Elaine Wassmann's (Prior)
15             Professional Business card.
16
17
18
19 DATED: September 22nd, 2022
20
21       I declare under penalty of perjury
22 under the laws of the state of
23 California that the foregoing is true
24 and correct.
25             ~Carol Elaine Wassmann~
26
27       By  CAROL ELAINE WASSMANN
28           (IN PRO PER)

8

STATE OF CALIFORNIA  EDMUND G. BROWN JR., Governor

# PUBLIC EMPLOYMENT RELATIONS BOARD



Sacramento Regional Office
1031 18th Street
Sacramento, CA  95811-4124
Telephone: (916) 327-8386
Fax: (916) 327-6377

April 3, 2014

Michelle Hill, Attorney
Hill Law Firm
1235 Harbor Boulevard
Fullerton, CA  92832

Re:  *Carol Elaine Wassmann v. South Orange County Community College District*
Unfair Practice Charge No. LA-CE-5851-E
**WARNING LETTER**

Dear Ms. Hill:

The above-referenced unfair practice charge was filed with the Public Employment Relations Board (PERB or Board) on September 19, 2013.  Carol Elaine Wassmann (Wassmann or Charging Party) alleges that the South Orange County Community College District (District or Respondent) violated the Educational Employment Relations Act (EERA or Act)[1] by discriminating against her based on her age, race and gender.

In the charge, Charging Party states:

> I believe I was discriminated against because of my race, black;
> sex, female; and color, in violation of Title VII of the Civil
> Rights Act of 1964; and my age, 62, in violation of the Age
> Discrimination in Employment Act of 1976, as amended.

In support of her contention, Charging Party attached 24 exhibits totaling over 500 pages to her unfair practice charge.

PERB Regulation 32615(a)(5) requires, inter alia, that an unfair practice charge include a "clear and concise statement of the facts and conduct alleged to constitute an unfair practice." The Charging Party should include facts alleging the alleging the "who, what, when, where and how" of an unfair practice.  (*State of California (Department of Food and Agriculture)* (1994) PERB Decision No. 1071-S, citing *United Teachers-Los Angeles (Ragsdale)* (1992) PERB Decision No. 944.)  Mere legal conclusions are not sufficient to state a prima facie case. (*Ibid.*; *Charter Oak Unified School District* (1991) PERB Decision No. 873.)

The charging party's burden also includes alleging facts showing that the unfair practice charge was timely filed; i.e., that the alleged unfair practice occurred no more than six months

---

[1] EERA is codified at Government Code section 3540 et seq.  The text of the EERA and PERB Regulations may be found at www.perb.ca.gov.

Exhibit: A (1)

LA-CE-5851-E
April 3, 2014
Page 2

prior to the filing of the charge. (*Los Angeles Unified School District* (2007) PERB Decision
No. 1929; *City of Santa Barbara* (2004) PERB Decision No. 1628-M.)  PERB is prohibited
from issuing a complaint with respect to any charge based upon an alleged unfair practice
occurring more than six months prior to the filing of the charge. (*Coachella Valley Mosquito
and Vector Control District v. Public Employment Relations Board* (2005) 35 Cal.4th 1072.)
The limitations period begins to run once the charging party knows, or should have known, of
the conduct underlying the charge. (*Gavilan Joint Community College District* (1996) PERB
Decision No. 1177.)  In cases alleging a breach of the duty of fair representation, the six month
statutory limitations period begins to run on the date when the charging party, in the exercise
of reasonable diligence, knew or should have known that further assistance from the union was
unlikely." (*United Faculty of Grossmont-Cuyamaca Community College District (Tarvin)*
(2010) PERB Decision No. 2133.)

As written, the charge contains no statement of facts whatsoever to determine whether an
unfair labor practice occurred.  The charge contains no date to show that the unfair practice
charge was timely filed.

Moreover, PERB's jurisdiction is limited to the determination of unfair practice charges arising
under the EERA and other public sector employer-employee relations statutes which it
administers.  PERB does not have jurisdiction over employment-related discrimination claims
arising under California's Fair Employment and Housing Act (Gov. Code, § 12900 et seq.)
which is enforced by the Department of Fair Employment and Housing and California courts.
(*Baldwin Park Education Association (Hayek, et al.)* (2011) PERB Decision No. 2223.)
Likewise, PERB lacks jurisdiction over claimed violations of the United States and California
Constitutions as well as a variety of federal statutes which protect employees, including Title
VII of the Civil Rights Act of 1964. (*Housing Authority of the City of Los Angeles* (2011)
PERB Decision No. 2166-M; *California School Employees Association, Chapter 245
(Waymire)* (2001) PERB Decision No. 1448.)  Charging Party alleges that she was
discriminated against based on her race, gender and age.  Based the foregoing case law, PERB
lacks jurisdiction over Charging Party's allegations.

For these reasons the charge, as presently written, does not state a prima facie case.[2]  If there
are any factual inaccuracies in this letter or additional facts that would correct the deficiencies
explained above, Charging Party may amend the charge.  The amended charge should be
prepared on a standard PERB unfair practice charge form, clearly labeled <u>First Amended
Charge</u>, contain <u>all</u> the facts and allegations you wish to make, and be signed under penalty of

---

[2] In *Eastside Union School District* (1984) PERB Decision No. 466, the Board
explained that a prima facie case is established where the Board agent is able to make "a
determination that the facts as alleged in the charge state a legal cause of action and that the
charging party is capable of providing admissible evidence in support of the allegations.
Consequently, where the investigation results in receipt of conflicting allegations of fact or
contrary theories of law, fair proceedings, if not due process, demand that a complaint be
issued and the matter be sent to formal hearing." (*Ibid.*)

Exhibit: A(2)

LA-CE-5851-E
April 3, 2014
Page 3

perjury by an authorized agent of Charging Party. The amended charge must have the case
number written on the top right hand corner of the charge form. The amended charge must be
served on the Respondent's <u>representative</u> and the original proof of service must be filed with
PERB. If an amended charge or withdrawal is not filed on or before April 16, 2014,[3] PERB
will dismiss your charge. If you have any questions, please call me at the above telephone
number.

Sincerely,

Katharine Nyman
Regional Attorney

KN

---

[3] A document is "filed" on the date the document is **actually received** by PERB,
including if transmitted via facsimile. (PERB Regulation 32135.)

Exhibit: A(3)

## PROOF OF SERVICE

I declare that I am a resident of or employed in the County of Sacramento, California. I am over the age of 18 years and not a party to the within entitled cause. The name and address of my residence or business is Public Employment Relations Board, 1031 18th Street, Sacramento, CA 95811-4124.

On April 3, 2014, I served the Letter regarding Case No. LA-CE-5851-E on the parties listed below by

_X_   placing a true copy thereof enclosed in a sealed envelope for collection and delivery by the United States Postal Service or private delivery service following ordinary business practices with postage or other costs prepaid.
___ personal delivery.
___ facsimile transmission in accordance with the requirements of PERB Regulations 32090 and 32135(d).

Michelle Hill, Attorney
Hill Law Firm
1235 Harbor Boulevard
Fullerton, CA  92832

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 3, 2014, at Sacramento, California.

_Jessica Kloepfel_
(Type or print name)

_Jessica Kloepfel_
(Signature)

Exhibit: A (4)

STATE OF CALIFORNIA                                                                    EDMUND G. BROWN JR., Governor

## PUBLIC EMPLOYMENT RELATIONS BOARD



Sacramento Regional Office
1031 18th Street
Sacramento, CA 95811-4124
Telephone: (916) 327-8386
Fax: (916) 327-6377



April 10, 2014

Michelle Hill, Attorney
Hill Law Firm
1235 Harbor Boulevard
Fullerton, CA 92832

Re:   *Carol Elaine Wassmann v. South Orange County Community College District Faculty
      Association*
      Unfair Practice Charge No. LA-CO-1592-E
      **WARNING LETTER**

Dear Ms. Hill:

The above-referenced unfair practice charge was filed with the Public Employment Relations
Board (PERB or Board) on September 19, 2013. Carol Elaine Wassmann (Wassmann or
Charging Party) alleges that the South Orange County Community College District Faculty
Association (Association or Respondent) violated the Educational Employment Relations Act
(EERA or Act)[1] by failing to assist her from being discriminated against by her employer
based on her age, gender and race.

The charge states in its entirety that:

> I believe I was discriminated against because of my race, black;
> sex, female; and color, in violation of Title VII of the Civil
> Rights Act of 1964; and my age, 62, in violation of the Age
> Discrimination in Employment Act of 1976, as amended.

In support of her contention, Charging Party attached over 100 exhibits totaling over 500 pages
to her unfair practice charge. The only references that appear to pertain to the Association are
references to a grievance that Charging Party wanted filed on her behalf dated September 11,
2009.

On October 5, 2013, Charging Party filed an addendum to her original unfair practice charge.
In the addendum, Charging Party states that:

> The following dates (below) document "my repeated requests to
> have my grievance filed; however to no avail."

--------------------------------------------------------------------------------

[1] EERA is codified at Government Code section 3540 et seq. The text of the EERA and
PERB Regulations may be found at www.perb.ca.gov.

Exhibit: A (5)

LA-CO-1592-E
April 10, 2014
Page 2

September 24, 2009
September 30, 2009
April 29, 2010
September 14, 2010
September 16, 2010
September 17, 2010
November 2, 2011

Discussion

PERB Regulation 32615(a)(5) requires, inter alia, that an unfair practice charge include a "clear and concise statement of the facts and conduct alleged to constitute an unfair practice." The Charging Party should include facts alleging the alleging the "who, what, when, where and how" of an unfair practice. (*State of California (Department of Food and Agriculture)* (1994) PERB Decision No. 1071-S, citing *United Teachers-Los Angeles (Ragsdale)* (1992) PERB Decision No. 944.) Mere legal conclusions are not sufficient to state a prima facie case. (*Ibid.*; *Charter Oak Unified School District* (1991) PERB Decision No. 873.)

The charging party's burden also includes alleging facts showing that the unfair practice charge was timely filed; i.e., that the alleged unfair practice occurred no more than six months prior to the filing of the charge. (*Los Angeles Unified School District* (2007) PERB Decision No. 1929; *City of Santa Barbara* (2004) PERB Decision No. 1628-M.) PERB is prohibited from issuing a complaint with respect to any charge based upon an alleged unfair practice occurring more than six months prior to the filing of the charge. (*Coachella Valley Mosquito and Vector Control District v. Public Employment Relations Board* (2005) 35 Cal.4th 1072.) The limitations period begins to run once the charging party knows, or should have known, of the conduct underlying the charge. (Gavilan Joint Community College District (1996) PERB Decision No. 1177.) "In cases alleging a breach of the duty of fair representation, the six month statutory limitations period begins to run on the date when the charging party, in the exercise of reasonable diligence, knew or should have known that further assistance from the union was unlikely." (*United Faculty of Grossmont-Cuyamaca Community College District (Tarvin)* (2010) PERB Decision No. 2133.)

Moreover, PERB's jurisdiction is limited to the determination of unfair practice charges arising under the EERA and other public sector employer-employee relations statutes which it administers. PERB does not have jurisdiction over employment-related discrimination claims arising under California's Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) which is enforced by the Department of Fair Employment and Housing and California courts. (*Baldwin Park Education Association (Hayek, et al.)* (2011) PERB Decision No. 2223.) Likewise, PERB lacks jurisdiction over claimed violations of the United States and California Constitutions as well as a variety of federal statutes which protect employees, including Title VII of the Civil Rights Act of 1964. (*Housing Authority of the City of Los Angeles* (2011) PERB Decision No. 2166-M; *California School Employees Association, Chapter 245 (Waymire)* (2001) PERB Decision No. 1448.) Charging Party alleges that she was

Exhibit: A (6)

LA-CO-1592-E
April 10, 2014
Page 3

discriminated against based on her race, gender and age. Based the foregoing case law, PERB lacks jurisdiction over Charging Party's allegations.

It appears that Charging Party might also be alleging that the exclusive representative denied Charging Party the right to fair representation guaranteed by EERA section 3544.9 and thereby violated section 3543.6(b). The duty of fair representation imposed on the exclusive representative extends to grievance handling. (*Fremont Unified District Teachers Association, CTA/NEA (King)* (1980) PERB Decision No. 125; *United Teachers of Los Angeles (Collins)* (1982) PERB Decision No. 258.) In order to state a prima facie violation of this section of EERA, Charging Party must show that the Respondent's conduct was arbitrary, discriminatory, or in bad faith. In *United Teachers of Los Angeles (Collins)*, the Public Employment Relations Board stated:

> Absent bad faith, discrimination, or arbitrary conduct, mere negligence or poor judgment in handling a grievance does not constitute a breach of the union's duty. [Citations omitted.]

> A union may exercise its discretion to determine how far to pursue a grievance in the employee's behalf as long as it does not arbitrarily ignore a meritorious grievance or process a grievance in a perfunctory fashion. A union is also not required to process an employee's grievance if the chances for success are minimal. [Citations omitted.]

In order to state a prima facie case of arbitrary conduct violating the duty of fair representation, a Charging Party:

> must at a minimum include an assertion of sufficient facts from which it becomes apparent how or in what manner the exclusive representative's action or <u>inaction</u> was without a rational basis or devoid of honest judgment.

(*Reed District Teachers Association, CTA/NEA (Reyes)* (1983) PERB Decision No. 332, p. 9, quoting *Rocklin Teachers Professional Association (Romero)* (1980) PERB Decision No. 124; emphasis in original.)

With regard to when "mere negligence" might constitute arbitrary conduct, the Board observed in *Coalition of University Employees (Buxton)* (2003) PERB Decision No. 1517-H that, under federal precedent, a union's negligence breaches the duty of fair representation "to cases in which the individual interest at stake is strong and the union's failure to perform a ministerial act completely extinguishes the employee's right to pursue his claim." (Quoting *Dutrisac v. Caterpillar Tractor Co.* (9th Cir. 1983) 749 F.2d 1270, at p. 1274; see also *Robesky v. Quantas Empire Airways, Ltd.* (9th Cir. 1978) 573 F.2d 1082.)

Exhibit: A (7)

LA-CO-1592-E
April 10, 2014
Page 4

To the extent Charging Party alleges that the Association failed to adequately address her grievance or breached its duty of fair representation, such conduct appears to fall outside of PERB's statute of limitations. The charge was filed on September 9, 2013. Therefore, the six-month statute of limitations prohibits PERB from issuing a complaint in this case based on alleged conduct that occurred before May 9, 2013. All the conduct cited by Charging Party that involved communication with the Association occurred between September 11, 2009 and November 2, 2011, nearly two years prior to the filing of the charge. Therefore, any allegation that the Association failed to adequately pursue or handle a grievance on behalf of Charging Party appears untimely and must be dismissed.

For these reasons the charge, as presently written, does not state a prima facie case.[2]  If there are any factual inaccuracies in this letter or additional facts that would correct the deficiencies explained above, Charging Party may amend the charge. The amended charge should be prepared on a standard PERB unfair practice charge form, clearly labeled First Amended Charge, contain all the facts and allegations you wish to make, and be signed under penalty of perjury by an authorized agent of Charging Party. The amended charge must have the case number written on the top right hand corner of the charge form. The amended charge must be served on the Respondent's representative and the original proof of service must be filed with PERB. If an amended charge or withdrawal is not filed on or before April 23, 2014,[3] PERB will dismiss your charge. If you have any questions, please call me at the above telephone number.

Sincerely,

Katharine Nyman
Regional Attorney

KN

---

[2] In *Eastside Union School District* (1984) PERB Decision No. 466, the Board explained that a prima facie case is established where the Board agent is able to make "a determination that the facts as alleged in the charge state a legal cause of action and that the charging party is capable of providing admissible evidence in support of the allegations. Consequently, where the investigation results in receipt of conflicting allegations of fact or contrary theories of law, fair proceedings, if not due process, demand that a complaint be issued and the matter be sent to formal hearing." (*Ibid.*)

[3] A document is "filed" on the date the document is **actually received** by PERB, including if transmitted via facsimile. (PERB Regulation 32135.)

Exhibit: A (8)

## PROOF OF SERVICE

I declare that I am a resident of or employed in the County of Sacramento, California. I am over the age of 18 years and not a party to the within entitled cause. The name and address of my residence or business is Public Employment Relations Board, 1031 18th Street, Sacramento, CA 95811-4124.

On April 10, 2014, I served the Letter regarding Case No. LA-CO-1592-E on the parties listed below by

 _X_  placing a true copy thereof enclosed in a sealed envelope for collection and delivery by the United States Postal Service or private delivery service following ordinary business practices with postage or other costs prepaid.

___ personal delivery.

___ facsimile transmission in accordance with the requirements of PERB Regulations 32090 and 32135(d).

Michelle Hill, Attorney
Hill Law Firm
1235 Harbor Boulevard
Fullerton, CA  92832

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 10, 2014, at Sacramento, California.

James Coffey
(Type or print name)                              (Signature)

Exhibit: A (9)



STATE OF CALIFORNIA |Business, Consumer Services and Housing Agency                                   GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                   ACTING DIRECTOR ANNMARIE BILLOTTI
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I Videophone 916-226-5285 I TDD 800-700-2320
www.dfeh.ca.gov| email: contact.center@dfeh.ca.gov

November 17, 2014

Carol Wassmann
P.O. Box 247
Dana Point, CA 92629

RE:   **CERTIFICATION IN RESPONSE TO PUBLIC RECORDS REQUEST**
PRA Request No.: 416595-135169
DFEH Matter No.: 19171280944
Records of: Wassmann v. Irvine Valley College

This notice is in response to your request for public documents pursuant to the provisions of the
California Public Records Act, Government Code section 6250 et seq. The Department of Fair
Employment and Housing (DFEH) has processed your request for public records pursuant to Government
Code section 6250 et seq. Please find a copy of the records requested in the above-referenced inquiry.
Portions of the file may have been redacted pursuant to Government Code section 6254 et seq. and Civil
Code section 1798 et seq. I hereby certify and declare that I am the duly authorized custodian of records
for the DFEH.

☒   The accompanying records are true and correct copies of records kept in the regular course and
scope of the business of the DFEH and constitute the complete investigation record of the case,
with the exception of the following:  information concerning offers and counter-offers made in an
attempt to resolve the matter; information on formal conciliation efforts; material accepted under an
agreement that it would be confidential pursuant to Government Code section 12932, subdivision
(b); attorney work product and privileged communication; and, unless this disclosure is made to a
party to an EEOC charge, any information that would reveal a charge filed with the U.S. Equal
Employment Opportunity Commission under Title VII of the Civil Rights Act of 1964, unless a
lawsuit under Title VII has been filed on the subject case.

☐   I have performed a search of the files and computer records maintained by the DFEH. I certify that
no records exist which are responsive to the request.

☐   The records requested were destroyed pursuant to the DFEH's three year retention policy.

☐   You have requested a copy of a file that is still open and under investigation. Please be advised that
pursuant to Government Code section 6254 et seq., and Civil Code section 1798.40, the Department
of Fair Employment and Housing does not produce any information contained in its active case
files. You may resubmit your request for the records after the case has been closed.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and
correct to the best of my knowledge and belief. Executed on November 17, 2014.

Renee Richardson
Custodian of Record

Exhibit: A (10)



STATE OF CA: FORMAL | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Dec 02, 2013

RE: Notice of Filing of Discrimination Complaint
    DFEH Matter Number: 192423-81197-R
    Right to Sue: Wassmann / South Orange County Community College District

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by the DFEH and is being closed immmediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

Exhibit: A (11)

00070



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG

December 12, 2013

Carol Wassmann
P.O. Box 247
Dana Point, CA 92629

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 191712-80944-R
Right to Sue: Wassmann / Irvine Valley College, Lewis Long

Dear Carol Wassmann:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Dec 12, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc: Irvine Valley College Long
    Katherine Schmeidler Irvine Valley College
    Robin Devitt Irvine Valley College

Exhibit: A (12)



STATE OF CALIFORNIA I Department of Fair Employment and Housing

EMPLOYMENT RIGHT TO SUE

## AMENDED COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
**191712-80944-R**

COMPLAINANT
Carol Wassmann

NAMED IS THE EMPLOYER, PERSON, AGENCY, ORGANIZATION OR GOVERNMENT ENTITY WHO DISCRIMINATED AGAINST ME

| RESPONDENT | ADDRESS | PHONE |
|---|---|---|
| Irvine Valley College Lewis Long | 5500 Irvine Center Drive  Irvine CA 92618 | (949) 451-5100 |

| NO. OF EMPLOYEES | MOST RECENT DISCRIMINATION TOOK PLACE | TYPE OF EMPLOYER |
|---|---|---|
| 0 | Aug 20, 2013 | |

CO-RESPONDENT(S)                                                                                                ADDRESS

Katherine Schmeidler Irvine Valley College

5500 Irvine Center Drive  Irvine  CA 92618

Robin Devitt Irvine Valley College

11745 East Telegraph Road  Santa Fe Springs  CA 90670

DATE FILED  Dec 12, 2013
AMENDED    Dec 12, 2013

REVISED SEPTEMBER
2013
PAGE 1/3

Exhibit: A (13)



STATE OF CALIFORNIA I Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

## AMENDED COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH NUMBER
191712-80944-R

I ALLEGE THAT I EXPERIENCED        Discrimination, Harassment

ON OR BEFORE        Aug 20, 2013

BECAUSE OF MY        Age - 40 and over, Color, Race

AS A RESULT, I WAS        Denied a good faith interactive process, Terminated, Other My grievance was never filed.

STATEMENT OF FACTS

Exhibit: A (14)



STATE OF CALIFORNIA I Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

## AMENDED COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
191712-80944-R

SIGNED UNDER PENALTY OF PERJURY

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retalliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Verified by Carol Wassman, Complainant, and dated on December 12, 2013 at  .

Exhibit: A (15)

(949) 451-5788       ·CAROL WASSMANN·       cwassmann@ivc.edu

Professor • Librarian
Irvine Valley College
Department of Library Services
5500 Irvine Center Drive, Irvine CA 92618

November 19, 2010

Dr. Glenn R. Roquemore, President       *Via Personal Service*
Irvine Valley College
5500 Irvine Center Drive
Irvine, CA 92618

Re:     Carol Wassmann; Response to intent to Recommend Dismissal

Dear President Roquemore:

I respectfully submit the following response to the Statement of Charges pending against me. I want you and the Board to know that my position here with South Orange County Community College District is extremely important to me, and I both value and honor my job and this District and the fine work we do providing a valuable education to thousands of students across Orange County.

During my tenure here, I have never been knowingly insubordinate or rude to anyone, nor ever failed to conduct myself in a professional manner. In fact, a knowing review of my Annual Performance Evaluations for the past thirteen (13) years shows that I have consistently displayed a professional, dedicated and loyal attitude to this school district, my colleges and most importantly the students we serve.

Since Dean Feldhus has come back to IVC, she has disliked me for reasons other than my performance, and has acted in a hostile and discriminatory manner towards me which has resulted in these [largely] fabricated charges in spite of a very good review for 2009, and of course, for the numerous years before, amassing numerous EXCELLENT evaluations over and over again. In spite of this rather open hostility towards me, because I so value my position here, I have swallowed my pride, done my job, followed the dean's orders and attempted to perform according to her expectations.

In short, I humbly ask that you review my response, and re-evaluate your tentative decision to recommend my termination, and instead implement some changes in my reporting structure, or to whom I report because I fully believe that I have valuable contributions that I can [in the future] make to this District and to this student body. If you feel that a restructuring or reassignment is not possible, I will make every effort to work with Dean Feldhus in a constructive, professional, dignified manner in the future.

Thank you,

*CAROL WASSMANN,*
*IVC PROFESSOR, LIBRARIAN*

Enclosures:     Response to Statement of Charges, appendix of exhibits.

Exhibit: B (1)

forth in the governing documents, and will work with any dean necessary to continue to provide valuable service to the school, staff and student body.

I humbly ask that my employment not be terminated, that the above allegations and the denials thereof in part and acceptance of some mistakes in part do not rise to the level necessary to terminate my employment from the District. I pledge to improve my performance where necessary and work within the system to better relations with my colleagues and supervisors and continue to improve our wonderful library for all students and community.


Dated:  11/19/ 10

CAROL WASSMANN
PROFESSOR/LIBRARIAN


Exhibit: B(2)

## RE: Request for Confirmation

David Bugay

**Sent:** Thursday, August 11, 2011 3:03 PM

**To:** Carol Wassmann

---

The Board of Trustees terminated your position. Please review the documents you received.

Dr. David Bugay
Vice Chancellor Human Resources
South Orange County Community College District
28000 Marguerite Parkway
Mission Viejo, California 92692-3635
dbugay@socccd.edu

CONFIDENTIALITY NOTICE: This communication and any documents, files, or previous e-mail messages attached to it constitute an electronic communication within the scope of the Electronic Communication Privacy Act, 18 USCA 2510. This communication may contain non-public, confidential, or legally privileged information intended for the sole use of the designated recipient (s). The unlawful interception, use, or disclosure of such information is strictly prohibited under 18 USCA 2511 and any applicable laws. If you are not the intended recipient, or have received this communication in error, please notify the sender immediately by reply e-mail or by telephone at (949) 582-4699 and delete all copies of this communication, including attachments, without reading them or saving them to disk. Thank you.

**From:** Carol Wassmann
**Sent:** Thursday, August 04, 2011 10:30 PM
**To:** David Bugay
**Subject:** Request for Confirmation

Dear Dr. Bugay,

I have been informed that the Office of Administrative Hearing has scheduled my actual case to begin on January 17, 2012. There are also some preliminary hearings scheduled previous to the January 2012 date. I have a letter dated November 15, 2010, stating that I am on paid Administrative Leave, and have no other correspondence from you stating otherwise. The purpose of this correspondence is to confirm my paid administrative leave status until the final disposition of this case.

Sincerely,

Carol Wassman
Professor/Librarian



Exhibit: C (1)

## RE: Request for Confirmation

Carol Wassmann

**Sent:** Wednesday, August 17, 2011 4:14 PM
**To:** David Bugay

Dear Dr. Bugay,

Thank you for responding to my email (August 4th, 2011). I have no idea what documents you are referring too, and you provide no dates. Please forward a copy of the documents that you wish for me to review.

My initial inquiry to you specifically relates to my compensation. Are you the person who would address this issue, or do I have to speak with someone else?

Note: We are now passed the August 15th, 2011 contract, it is imperative that I receive notification regarding my compensation status.

Can you provide me with documentation (for the board's decision) to take me off paid administrative leave. We are still in the "appeal" process.

I have a young child and need some definitive information about my status. For example, do I have benefits?

Sincerely,
Carol Wassmann
Professor/Librarian

---

**From:** David Bugay
**Sent:** Thursday, August 11, 2011 3:03 PM
**To:** Carol Wassmann
**Subject:** RE: Request for Confirmation

The Board of Trustees terminated your position. Please review the documents you received.

Dr. David Bugay

Vice Chancellor Human Resources

South Orange County Community College District

28000 Marguerite Parkway

Mission Viejo, California 92692-3635

dbugay@socccd.edu

CONFIDENTIALITY NOTICE: This communication and any documents, files, or previous e-mail messages attached to it constitute an electronic communication within the scope of the Electronic Communication Privacy Act, 18 USCA 2510. This

*Exhibit: C (2)*

2nd Deposition Given confirms Timeline Violation Carol W.



# SADDLEBACK COLLEGE

## VISITORS PARKING PERMIT

**Date(s): 1/10/2012**                    **Location: Staff**

- Permit valid only on date(s) specified
- Permit valid only in location specified
- Permit is void if altered, forged or misused
- Place permit face up on dashboard

XA011009845                                                    09845

### THIS SIDE UP

### DO NOT DUPLICATE

SADDLEBACK COLLEGE CAMPUS MAP    PARKING PERMITS

Exhibit: C (3)

COPY

GO53411

## COURT OF APPEAL - STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION III

CAROL WASSMANN,

      PLAINTIFF/APPELLANT,

  VS.                    NO. 30-2013-00692313

SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT, ET AL.,

      DEFENDANTS/RESPONDENTS.

---

APPEAL FROM THE SUPERIOR COURT OF ORANGE COUNTY

HONORABLE FREDERICK P. AGUIRRE, JUDGE PRESIDING

REPORTER'S TRANSCRIPT ON APPEAL

APRIL 12, 2016

A P P E A R A N C E S

FOR PLAINTIFF/APPELLANT:

CAROL WASSMANN
P.O. BOX 247
DANA POINT, CA 92629

FOR DEFENDANTS/RESPONDENTS
SOUTH ORANGE COUNTY COMMUNITY
COLLEGE DISTRICT, ET AL.:
DENNIS J. WALSH, ESQ,
16633 VENTURA BLVD., #800
ENCINO, CA 91436

FOR DEFENDANTS/RESPONDENTS LONG AND SCHMEIDLER:
SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS, LLP
BY:  MICHAEL R. FEINBERG, ESQ.
6300 WILSHIRE BLVD., #2000
LOS ANGELES, CA 90048

VOLUME 1 OF 1
PAGES 1 TO 7, INCLUSIVE

JAY M. BULLARD, CSR #3455
OFFICIAL COURT REPORTER
PRO TEMPORE

(Exhibit: C 4)

SUPERIOR COURT CALIFORNIA

COUNTY OF ORANGE CENTRAL JUSTICE CENTER

DEPARTMENT C23

CAROL WASSMANN,                    )
                                   )
                 PLAINTIFF,        )
                                   )
     VS.                           )   NO. 30-2013-
                                   )      00692313
SOUTH ORANGE COUNTY COMMUNITY      )
COLLEGE DISTRICT, ET AL.,          )
                                   )
                 DEFENDANTS.       )
_____)

HONORABLE FREDERICK P. AGUIRRE, JUDGE PRESIDING

REPORTER'S TRANSCRIPT

APRIL 12, 2016

APPEARANCES:

FOR THE PLAINTIFF:       CAROL WASSMANN
                         IN PROPRIA PERSONA


FOR DEFTS SOUTH ORANGE   WALSH & ASSOCIATES, APC
COUNTY, ET AL.:          BY:  MATTHEW C. WALLIN, ESQ.


FOR DEFTS LONG AND       SCHWARTZ, STEINSAPIR, DOHRMANN &
SCHMEIDLER:              SOMMERS, LLP
                         BY:  MICHAEL R. FEINBERG, ESQ.



                         JAY M. BULLARD, CSR #3455
                         OFFICIAL COURT REPORTER
                         PRO TEMPORE

(Exhibit: C 5)

2

1          Santa Ana, California - Tuesday, April 12, 2016

2                        Morning Session

3          (The following proceedings were had in open court:)

4          THE COURT:  Number 14, Wassmann versus South Orange

5     County Community College District, et al.

6          MR. FEINBERG:  Good morning, Your Honor.  Michael

7     Feinberg for Defendants Long and Schmeidler.

8          MR. WALLIN:  Good morning, Your Honor.  Matthew Wallin

9     for Defendants South Orange County Community College

10    District, Karima Feldhus, Robert Brumucci, and Glenn

11    Roquemore.

12         THE COURT:  Thank you.

13         MS. WASSMANN:  Carol Wassmann, in pro per.

14         THE COURT:  Thank you, ma'am.  You've all read my

15    tentative.  Would anybody like to speak to it?  I'd be happy

16    to hear.

17         MS. WASSMANN:  Your Honor, I do have an addendum.  I

18    didn't have time to put it in for the 28th, so I have an

19    addendum for the Court and for the opposing side.

20         THE COURT:  I can't keep you from filing anything, but

21    I will tell you this:  Our rules prohibit anything to be

22    filed after the period has expired.  I did find that the

23    Defendants, the moving Defendants properly filed and served

24    their motion, giving you an opportunity to file your

25    opposition to it, and they filed their reply in a timely

26    fashion.  You could have included in your opposition all the

( Exhibit:  C (b) )

during Plaintiff's Depositions (12/21/2011 & 01/06/2012), Dean Feldhus (whipped out her personal - cellphone and), shows picture of Plaintiff WASSMANN'S office to attorney David Urban, Esq., "Why is Dean Feldhus allowed to do this and no one (higher-up), in the "chain of command" will tell her that this is not appropriate behavior be fitting a Dean?"   Once again, because Plaintiff WASSMANN is "Black," therefore, "anything goes." **(8 CT 2305: 10)**

Plaintiff **did not** **fail to exhaust her administrative remedies.** Plaintiff WASSMANN'S Rebuttal (Fall 2009) **(6 CT 1699-1706), (9 CT 2611) (Excerpt),** was in tandem with Plaintiff WASSMANN'S five (5) Rebuttals which were ignored by the District Defendants:

(1) **September 18th, Rebuttal Letter to Dean's September 11th, 2009 letter (9 CT 2596-2597), (6 CT 1690-1691)**

(2) **March 22nd, 2010, Rebuttal (1 CT 240-245), (6 CT 1718-1720)**

(3) **May 27, 2010 Rebuttal (Priority Mail) (9 CT 2529) (Exhibit: M)**

(4) **November 5th, 2010, Rebuttal (1 CT 282- 295)**

(5) **November 19th, 2010, Rebuttal (1 CT 299) (9 CT 2612)**

**On five (5) separate occasions Plaintiff's request to have her grievance filed was ignored.** Plaintiff WASSMANN was told repeatedly (by Kathy S. and Lewis Long), that her grievance was being filed, and not to worry about anything.

**Key Fact:**   Plaintiff WASSMANN asked the Union Representatives to file her "Grievance" on five (5) separate occasions.

21



(Exhibit: D)

## California Education Code

87732.  No regular employee or academic employee shall be dismissed except for one or more of the following causes:
    (a) Immoral or unprofessional conduct.
    (b) Dishonesty.
    (c) Unsatisfactory performance.
    (d) Evident unfitness for service.
    (e) Physical or mental condition that makes him or her unfit to instruct or associate with students.
    (f) Persistent violation of, or refusal to obey, the school laws of the state or reasonable regulations prescribed for the government of the community colleges by the board of governors or by the governing board of the community college district employing him or her.
    (g) Conviction of a felony or of any crime involving moral turpitude.
    (h) Conduct specified in Section 1028 of the Government Code.

87733.  No report on the fitness of a faculty member in a dismissal proceeding shall be received from a statewide professional organization by a governing board unless the employee shall have been given, prior to the preparation of the report in its final form, the opportunity to submit in writing his or her comments on the report and unless a copy of the report in final form is given to the employee investigated at least 10 days prior to its submission to the board. The report shall not be distributed other than to the governing board and those persons participating in its preparation unless the employee does not demand a hearing as provided by law.

87734.  The governing board of any community college district shall not act upon any charges of unprofessional conduct or unsatisfactory performance unless during the preceding term or half college year prior to the date of the filing of the charge, and at least 90 days prior to the date of the filing, the board or its authorized representative has given the employee against whom the charge is filed, written notice of the unprofessional conduct or unsatisfactory performance, specifying the nature thereof with specific instances of behavior and with particularity as to furnish the employee an opportunity to correct his or her faults and overcome the grounds for the charge. The written notice shall include the evaluation made pursuant to Article 4 (commencing with Section 87660), if applicable to the employee. "Unprofessional conduct" and "unsatisfactory performance," as used in this section, means, and refers only to, the unprofessional conduct and unsatisfactory performance particularly specified as a cause for dismissal in Section 87732 and does not include any other cause for dismissal specified in Section 87732.

87735.  Upon the filing of written charges, duly signed and verified by the person filing them with the governing board of a community college district, or upon a written statement of charges formulated by the governing board, charging a permanent employee of the district with immoral conduct, conviction of a felony or of any crime involving moral turpitude, with incompetency due to mental disability, or with willful refusal to perform regular assignments without reasonable cause, as prescribed by reasonable rules and regulations of the employing district, the governing board may, if it deems such action necessary, immediately suspend the employee from his or her duties and give notice to him or her of his or her suspension, and that 30 days after service of the notice, he or she

Defendants violated 30 day after service.

(Exhibit: E)

allegations made. More importantly, Plaintiff WASSMANN is completely unaware of these allegations until Dean Feldhus makes the accusations at Plaintiff's termination hearing. **(4 CT 950: 6-9)**, **(4 CT 950: 11-25)**, **(4 CT 951:1)**. Plaintiff is accused of wearing "sun glasses" and that is deemed a violation (in the Deans eyes)." **(4 CT 1005: 10-21)**, **(4 CT 1039: 11-25)**. Plaintiff WASSMANN is accused of slamming her office door repeatedly; **Plaintiff did not slam her office door. (3 CT 711: 1-7)**. Plaintiff's small (2.oz) tube of hand cream (with a Playboy Bunny Logo), is a violation. **(3 CT 771: 16-19)**, **(3 CT 772: 13-16)** However, Plaintiff's small perfume bottle (on a book truck), is seen as an: **"Egregious" violation. (3 CT 772: 13-16)**, **(3 CT 773: 2-25)**. *Miller v. Chico Unified School Dist., 24 Cal. 3d 703 [S.F. No. 23937. Supreme Court of California. July 27, 1979.]* "Under section 44031, school district employees must be given notice of, and opportunity to comment upon, derogatory information in their personnel files which may serve as a basis for affecting the status of their employment. "The trial court below found that the school board had not met the requirements of section 44031. Plaintiff additionally, holds, that the trial court erred in its treatment of Plaintiff's contention under section 44031. As explained, pursuant to that section a school [faculty member], must be permitted to review and comment on derogatory written material complied and maintained by a school district even though the material has not been properly placed in [her] personnel file. A school board cannot avoid the requirements of section 44031 by putting derogatory written material in another file not designated 'personnel file' and, by such a process of labelling, prevent the [faculty member] from reviewing and commenting upon allegations directed at [her.]." (Stanford Law School).   Furthermore,

20

( Exhibit: F )

```
 1         Before The Office of Administrative Hearings

 2            Administrative Law Judge Mark Harman

 3

 4

 5

 6   In re the Matter of the Dismissal of  )
                                           )Case No.
 7                                         )2011060807
     CAROL WASSMANN,                       )
 8                                         )Volume II
                                           )
 9                      Respondent.        )
     _____)
10

11

12        TRANSCRIPT OF PROCEEDINGS, VOLUME II, taken at

13   320 West 4th Street, in the City of Los Angeles,

14   California, commencing at 9:14 a.m. and concluding at

15   3:41 p.m. on Thursday, the 19th day of January, 2012,

16   before VICTORIA IMHOF WERTZ, RPR, CSR No. 7999.

17

18

19

20

21

22

23

24

25
```

184

( Exhibit: G )



**Gmail**

Carol Wassmann <carol.wassmann@waldenu.edu>

---

## Mysterious Documents In My Case File (email 2 of 3 - Parts: 3 & 4)
1 message

Carol Wassmann <carol.wassmann@waldenu.edu>                    Tue, Feb 23, 2016 at 12:51 PM
To: Cheryl Shelly <cshelly@perb.ca.gov>

Hello Ms. Shelly,

I am still "in the throws" of going through ALL my case files (that you kindly, sent me).
With that said, I do have some questions and concerns that I would like to address:

(1) I discovered two (2) "Mysterious" emails (thus far), in my Case File:

(Email Subject: RE:" Up - Date On My PERB Request")
LA-CO-1592-E-P Part of4pdf. (email) 2 of 3 (Parts 3 & 4)

The documents (in question here), are buried in a file consisting of 105 pages.

My email:
TO: Ms. Winston (Sent @ 1:49 p.m., on Tuesday, November 9th, 2010)
ccd: groquemore @ivc.edu; Ettie Graham
Subject: Correspondence

(i.e., I am inquiring about the ability and access to the Board of Trustees , prior to their up-coming Board
Meeting).

Ettie Graham's (Human Resources) email:
TO: Carol (Sent @ 2:32p.m., @ on Tuesday, November 9th, 2010)
ccd: David Bugay; Glenn Roquemore; Teddi Lorch; Sandy Jeffries; Jennifer Winston; Karima Feldhus
(Dean).
Subject: Correspondence/Importance "High"

(a) I have NEVER SEEN THIS EMAIL BEFORE.
(b) I have NO IDEA HOW IT GOT INTO MY FILE?
(c) The document is "Displayed" by your department as "One" email; however viewing the file you can
"Clearly" see that this is two (2) separate emails that have been attached to give the viewer the
appearance that you are looking at "one" email.

My email is "on the bottom" and Ettie Graham's email is on the top (of my email).

A "Black" line/space is suppose to "Separate Each And Every Document." This is NOT the case here.
Why?

More importantly, the judge "NEEDS TO SEE THESE TWO (2) DOCUMENTS SIDE-BY-SIDE."

(2) Exhibit: 90
My email:
TO: Mr. Carlos Perez, Esq.,(Sent @ 19:48 hours, On Monday October 31st, 2011
ccd: Mr. Eric Lampel, Esq.,
Subject: V.P. of Instruction

(i.e., I am alarmed and up-set that my "Grievance" was NEVER filed" by the Union, despite repeated
requests to do so). I was NEVER allowed to meet with: "Craig Justice."

## Exhibit : H (1)

Again, my email (October 31st, 2011 is ON THE BOTTOM). And my email (Wednesday November 2nd, 2011 is "Displayed" by your department "on the top." Giving the "False" appearance that the viewer is looking at "One" email. When upon closer review you can "Clearly" see that this is two (2) separate emails.

A "Black" line/space is suppose to "Separate each and every document
Sincerely,
Carol W.

$$Exhibit: H \ (2)$$

immediate concern should be preventing the District from taking action to place you in an unpaid status as you have indicated your financial situation is dire. That report cannot help you with that issue whatever relevance it may have to some argument you may wish to make in the future during a hearing about there being problems in the management of the library.

Since the District has provided you with at least 90 days in which to demonstrate that you have remediated what they contend are your faults or poor performance which they have listed in the 90 day notice the District is legally free to move forward with having the Board adopt a Notice of Intent to Dismiss if and when in the District's opinion they have sufficient evidence to support such an action on their part. When I say that I am not saying that the District will ultimately succeed or be able to prove that the events they list in their Notices/evaluations actually occurred as they claim, only that the District has met a procedural hurdle under the Education Code.

I did not state that filing with the EEOC would not be of any help to you. You asked me a very specific question which was whether if you filed with the EEOC that would somehow stop the District from moving forward in disciplining you. Your filing a charge with the EEOC would not act to bar the District from moving forward is all that I said. You did not at any time tell me that you believed you were the victim of any kind of discrimination or provide me with any evidence to support such a claim so I am in no position to asses whether filing with the EEOC would be of any assistance to you in the long run.

Please delete this e-mail and erase it and your e-mail to me as best as you can.

Marianne


**rom:** Carol Wassmann [mailto:cwassmann@ivc.edu]
**Sent:** Wednesday, November 03, 2010 1:19 PM
**To:** Marianne Reinhold
**Cc:** Kathy Schmeidler
**Subject:** Exhausted Administrative Remedies from the SOCCCD Faculty Association

Dear Ms. Reinhold:

Thursday, October 28th, 2010 @ 11:00 a.m., in the office of Ms. Marianne Reinhold.

The advice that you rendered to me was as follows:



(1) Visit the doctor to see if the doctor can determine retro-actively, the exact reasons for the sick time I had to take. The sick time I used I earned, and would this be the type of thing that all employees might be asked to do?
(2) Respond to the President's 90 day termination letter packet again. Kathy has the last up-dated attachment: May 16, 2010.
(3) Ms. Reinhold told me that she would check with Kathy (grievance chair), via phone, to determine the status of the 90 day packet, since obviously, this deadline has passed.
(4) It is still unclear to me as to whether the district was going to continue to force me to take a 30 day leave (with or without pay, yet to be determined).
(5) I made the request that I wanted to see the final report from the facilitators (December 2nd, 2008), when Dr. Carritte interviewed all the staff. You told me that this report would not help my case. I also, told you that several other co-workers wanted to file grievances too.
(6) Ms. Reinhold informed me that the district could at anytime serve me with a "letter of attempt to terminate my employment." I asked you whether filing a report with the EEOC would prevent this from happening. You told me that filing with the EEOC would not be of any help to me.
(7) I asked you what you thought about Kathy's letter: "her recommendations" to me. You told me that you didn't know and that you would telephone Kathy about its meaning. You said that you did not want to contact her by email.
(8) I felt that basically, our meeting consisted of being told that the dean had the right and the power to fire me, regardless of whether the dean's facts are misleading or incorrect. At no time throughout our conversation did

Exhibit: H(3)

the subject of working towards exercising "shared governance" and "collegiality" between the dean and I was never broached. Instead, you told me that the dean was credible and I was not.

(9) I showed you recent outreach projects underway (Hillview High School), that I had completed with glowing recommendations and thanks, and that I am scheduled to return to this particular high school in December to conduct a full day library resources sessions (for approximately, 132 students).

(10) You also asked me: "...has anyone told you that you talk too much. I replied: "No!" I am an instructor and I have been trained to teach classes in information literacy skills. I conduct "reference interviews" at the reference desk, and I am very active in the "Early College" and Outreach Programs at IVC. Verbal communication is a critical component to what I do. I have to be able to connect with the students.

You do not seem poised to help me. I am a single mother with a young child. This job is my livelihood.

Sincerely,
Carol Wassmann
Professor/Librarian


Marianne Reinhold, Esq.
Reich, Adell & Cvitan
A Professional Law Corporation
2670 North Main Street
Suite 300
Santa Ana, California 92705
(213) 386-3860 (voice)
(213) 386-5583 (facsimile)

This e-mail and any files transmitted with it are confidential and we intend them solely for the use of the individual or entity to whom we have addressed them. This may contain material protected by the attorney-client privilege, and if it is not addressed to, or if you are not the person responsible for delivering the e-mail to the intended recipient, you have received this e-mail in error and you may not use, disseminate, forward, print, or copy it. If you received this e-mail in error, please immediately reply to the sender or notify us at Reich, Adell & Cvitan by telephone at (213) 386-3860.

Exhibit : H(4)

# Calendar for Year 2010 (United States)



### January
| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    |    |    |    |    | 1  | 2  |
| 3  | 4  | 5  | 6  | 7  | 8  | 9  |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 |    |    |    |    |    |    |

7:◑  15:●  23:◐  30:○

### February
| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    | 1  | 2  | 3  | 4  | 5  | 6  |
| 7  | 8  | 9  | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 |    |    |    |    |    |    |

5:◑  13:●  21:◐  28:○

### March
| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    | 1  | 2  | 3  | 4  | 5  | 6  |
| 7  | 8  | 9  | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 |    |    |    |

7:◑  15:●  23:◐  29:○

### April
| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    |    |    |    | 1  | 2  | 3  |
| 4  | 5  | 6  | 7  | 8  | 9  | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 |    |

6:◑  14:●  21:◐  28:○

### May
| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    |    |    |    |    |    | 1  |
| 2  | 3  | 4  | 5  | 6  | 7  | 8  |
| 9  | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 |    |    |    |    |    |

6:◑  13:●  20:◐  27:○

### June
| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    |    | 1  | 2  | 3  | 4  | 5  |
| 6  | 7  | 8  | 9  | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 |    |    |    |

4:◑  12:●  19:◐  26:○

### July
| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    |    |    |    | 1  | 2  | 3  |
| 4  | 5  | 6  | 7  | 8  | 9  | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

4:◑  11:●  18:◐  25:○

### August
| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
| 1  | 2  | 3  | 4  | 5  | 6  | 7  |
| 8  | 9  | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 |    |    |    |    |

3:◑  9:●  16:◐  24:○

### September
| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    |    |    | 1  | 2  | 3  | 4  |
| 5  | 6  | 7  | 8  | 9  | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 |    |    |

1:◑  8:●  15:◐  23:○  30:○

### October
| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    |    |    |    |    | 1  | 2  |
| 3  | 4  | 5  | 6  | 7  | 8  | 9  |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 |    |    |    |    |    |    |

7:●  14:◐  22:○  30:◑

### November
| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    | 1  | 2  | 3  | 4  | 5  | 6  |
| 7  | 8  | 9  | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 |    |    |    |    |

6:●  13:◐  21:○  28:◑

### December
| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    |    |    | 1  | 2  | 3  | 4  |
| 5  | 6  | 7  | 8  | 9  | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |    |

5:●  13:◐  21:○  27:◑

Holidays and Observances:

*Handwritten annotations:* NOTICE TO CORRECT DEFICIENCIES DELIVERED TOO PROFESSOR WASSMANN BY DEAN FIELDHUS — 90-DAY DEADLINE, March 29th 2010 — 90 Days from that date — July 29th 2010 IS 90 DAYS NOT November 16 2010

EXHIBIT I (1)

# 2011 Calendar

## January

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 |   |   |   |   |   |

## February

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 |   |   |   |   |   |

## March

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 |   |   |

## April

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

## May

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 |   |   |   |   |

## June

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 |   |   |

## July

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 |   |   |   |   |   |   |

## August

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 |   |   |   |

## September

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 |   |

## October

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 |   |   |   |   |   |

## November

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 |   |   |   |

## December

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

January 1      **New Year's Day**
January 17     **Martin Luther King Day**
February 21   **Presidents' Day**

May 30             **Memorial Day**
July 4               **Independence Day**
September 5    **Labor Day**

October 10       **Columbus Day**
November 11    **Veterans Day**
November 24    **Thanksgiving**

December 25    **Christmas Day**

Exhibit: I (2)

# 2012 Calendar

| | | January | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

| | | February | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | | | |

| | | March | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

| | | April | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | | | | | |

| | | May | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 | | |

| | | June | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

| | | July | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

| | | August | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | |

| | | September | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | | | | | | |

| | | October | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 | | | |

| | | November | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

| | | December | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

| January 1 | New Year's Day | May 28 | Memorial Day | October 8 | Columbus Day | December 25 | Christmas Day |
| January 16 | Martin Luther King Day | July 4 | Independence Day | November 11 | Veterans Day | | |
| February 20 | Presidents' Day | September 3 | Labor Day | November 22 | Thanksgiving | | |

Exhibit: I (3)



# IVC

IRVINE VALLEY COLLEGE                                    www.ivc.edu

5500 Irvine Center Drive, Irvine, CA 92618          949.451.5100 ♦ Fax 949.451.5270

March 29, 2010

HAND-DELIVERED

Carol Wassmann
P.O. Box 247
Dana Point, CA 92629

Re:   Notice to Correct Deficiencies – Unsatisfactory Performance and Unprofessional
      Conduct
      (Education Code Sections 87732 and 87734)

Dear Ms. Wassmann:

Pursuant to Education Code sections 87732 and 87734, and Article XXIIII [sic] entitled
Discipline Procedures of the Academic Employee Master Agreement 2007 – 2010, this letter
constitutes notice to correct your performance deficiencies involving unsatisfactory performance
and unprofessional conduct.

The relevant statute requires that the South Orange Community College District (the "District")
provide an employee with such notice at least ninety (90) days prior to initiating formal
disciplinary proceedings for dismissal on the grounds of unsatisfactory performance or
unprofessional conduct.  Please be advised that Education Code section 87734 does not,
however, preclude the initiation of such formal disciplinary proceedings for causes other than
unsatisfactory performance or unprofessional conduct.  Attached to this Notice as Exhibit "1" is
a true and correct copy of Education Code sections 87732 and 87734.  Attached to this Notice as
Exhibit "2" is a true and correct copy of Article XIIII [sic] of the Academic Employee Master
Agreement 2007 – 2010.

This formal notice is designed to provide you with sufficient information to understand the
nature of your unsatisfactory performance and unprofessional conduct and to illustrate to you
specific instances of such behavior with such particularity as to provide you with an opportunity
to correct these faults and overcome the grounds for charges based on unsatisfactory
performance and unprofessional conduct.

Please be advised that the ninety (90) day remedial period specified by Education Code section
87734 will take effect upon the date this notice is served upon you.  Your unsatisfactory
performance and unprofessional conduct is specifically described by the following events.

*Exhibit: J (1)*

www.lcwlegal.com

Ms. Wassmann
March 24, 2010
Page 12

failure to do so may result in your dismissal in accordance with the provisions of the Education Code.

Finally, please note that the undersigned reserves the right to proceed with the dismissal action prior to the expiration of the periods described in Education Code section 87734 in connection with any incidents of misconduct which may be considered other than unsatisfactory performance or unprofessional conduct.

A copy of your most recent evaluation is attached as Exhibit "32." Pursuant to Education Code section 87031, a copy of this notice will be placed in your personnel file. You have the right to prepare a written response to this Notice within 10 working days following receipt. Any response or comment will be attached hereto prior to placement in your file.

Very truly yours,

Glenn Roquemore
President


Attachments:
Exhibit "1" – Education Code sections 87732 and 87734

Exhibit "2" – Cover Page, Article IV [4] entitled "Definitions," Article XIV [14] entitled "Assignment, Contract Year, Hours of Service, and Professional Duties", and Article XXIIII [sic] [23] entitled "Discipline Procedures" of the Academic Employee Master Agreement 2007 – 2010

Exhibit "3" – September 11, 2009 memo from Karima Feldhus to Carol Wassmann re "Notice of unsatisfactory and unprofessional conduct" with its attachments

Exhibit "4" – September 18, 2009 memo Carol Wassmann to Karima Feldhus re "Response to your letter of September 11, 2009"

Exhibit "5" – Set of emails dated October 26 and October 28, 2009 between Carol Wassmann, Jayne Sinegal, and Karima Feldhus re "Preliminary Standard II C Draft"

Exhibit "6" – Set of emails dated December 1, 2009 among Jayne Sinegal, Carol Wassmann, and Fred Forbes re "List of New Adjunct Librarians"

Exhibit "7" – Karima Feldhus's Notes Documenting February 1, 2010 Incident

Exhibit "8" – Set of emails dated February 2, 2010 between Karima Feldhus and Jayne Sinegal

Exhibit: J (2)

**IVC** IRVINE VALLEY COLLEGE
5500 Irvine Center Drive, Irvine, CA 92618

Carol Wassmann
*Librarian*
*School of Library Services*

(949) 451-5788 Office        Reference (949) 451-5266
(949) 451-5796 Fax              cwassmann@ivc.edu
South Orange County Community College District

Exhibit: J(3)

# IVC

IRVINE VALLEY COLLEGE                                                                www.ivc.edu

5500 Irvine Center Drive, Irvine, CA 92618                                949.451.5100 ◆ Fax 949.451.5270

November 4, 2010

**VIA REGULAR MAIL, PERSONAL SERVICE,
AND PROOF OF SERVICE**

*Personal and Confidential*

Carol Wassmann
P.O. Box 247
Dana Point, CA 92629

Re:   **Notice of Intent to Recommend Dismissal and Statement of Charges**

Dear Ms. Wassmann:

The purpose of this letter is to advise you that the South Orange County Community College District intends to recommend that you be dismissed from your employment with the District.   If this recommendation remains unchanged following completion of any pre-disciplinary review of this matter, the District will submit this recommendation to the Board of Trustees at its meeting on November 17, 2010, and your dismissal will be effective thirty days after service on you of any final notice of dismissal that is authorized by the Board.

The recommended dismissal is based on findings that you have committed the following violations of Education Code Section 87732:

1.      Unprofessional conduct;

2.      Unsatisfactory performance;  and

3.      Evident unfitness for service.

SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES
Thomas A. Fuentes, William O. Jay, David B. Lang, Marcia Milchiker, Nancy M. Padberg,
Donald P. Wagner, John S. Williams, · Dixie Bullock, Ed.D., Acting Chancellor
IRVINE VALLEY COLLEGE: Glenn R. Roquemore, Ph.D., President

Exhibit: J (4)

immediate concern should be preventing the District from taking action to place you in an unpaid status as you have indicated your financial situation is dire.  That report cannot help you with that issue whatever relevance it may have to some argument you may wish to make in the future during a hearing about there being problems in the management of the library.

Since the District has provided you with at least 90 days in which to demonstrate that you have remediated what they contend are your faults or poor performance which they have listed in the 90 day notice the District is legally free to move forward with having the Board adopt a Notice of Intent to Dismiss if and when in the District's opinion they have sufficient evidence to support such an action on their part.  When I say that I am not saying that the District will ultimately succeed or be able to prove that the events they list in their Notices/evaluations actually occurred as they claim, only that the District has met a procedural hurdle under the Education Code.

I did not state that filing with the EEOC would not be of any help to you.  You asked me a very specific question which was whether if you filed with the EEOC that would somehow stop the District from moving forward in disciplining you.  Your filing a charge with the EEOC would not act to bar the District from moving forward is all that I said.  You did not at any time tell me that you believed you were the victim of any kind of discrimination or provide me with any evidence to support such a claim so I am in no position to asses whether filing with the EEOC would be of any assistance to you in the long run.

Please delete this e-mail and erase it and your e-mail to me as best as you can.

Marianne


**rom:** Carol Wassmann [mailto:cwassmann@ivc.edu]
**Sent:** Wednesday, November 03, 2010 1:19 PM
**To:** Marianne Reinhold
**Cc:** Kathy Schmeidler
**Subject:** Exhausted Administrative Remedies from the SOCCCD Faculty Association

Dear Ms. Reinhold:

Thursday, October 28th, 2010 @ 11:00 a.m., in the office of Ms. Marianne Reinhold.

The advice that you rendered to me was as follows:

    (1) Visit the doctor to see if the doctor can determine retro-actively, the exact reasons for the sick time I had to take. The sick time I used I earned, and would this be the type of thing that all employees might be asked to do?



    (2) Respond to the President's 90 day termination letter packet again. Kathy has the last up-dated attachment: May 16, 2010.

    (3) Ms. Reinhold told me that she would check with Kathy (grievance chair), via phone, to determine the status of the 90 day packet, since obviously, this deadline has passed.

    (4) It is still unclear to me as to whether the district was going to continue to force me to take a 30 day leave (with or without pay, yet to be determined).

    (5) I made the request that I wanted to see the final report from the facilitators (December 2nd, 2008), when Dr. Carritte interviewed all the staff. You told me that this report would not help my case. I also, told you that several other co-workers wanted to file grievances too.

    (6) Ms. Reinhold informed me that the district could at anytime serve me with a "letter of attempt to terminate my employment." I asked you whether filing a report with the EEOC would prevent this from happening. You told me that filing with the EEOC would not be of any help to me.

    (7) I asked you what you thought about Kathy's letter: "her recommendations" to me. You told me that you didn't know and that you would telephone Kathy about its meaning. You said that you did not want to contact her by email.

    (8) I felt that basically, our meeting consisted of being told that the dean had the right and the power to fire me, regardless of whether the dean's facts are misleading or incorrect. At no time throughout our conversation did

Exhibit: J (5)

the subject of working towards exercising "shared governance" and "collegiality" between the dean and I was never broached. Instead, you told me that the dean was credible and I was not.

(9)  I showed you recent outreach projects underway (Hillview High School), that I had completed with glowing recommendations and thanks, and that I am scheduled to return to this particular high school in December to conduct a full day library resources sessions (for approximately, 132 students).

(10) You also asked me: "...has anyone told you that you talk too much. I replied: "No!" I am an instructor and I have been trained to teach classes in information literacy skills. I conduct "reference interviews" at the reference desk, and I am very active in the "Early College" and Outreach Programs at IVC. Verbal communication is a critical component to what I do. I have to be able to connect with the students.

You do not seem poised to help me. I am a single mother with a young child. This job is my livelihood.

Sincerely,
Carol Wassmann
Professor/Librarian


Marianne Reinhold, Esq.
Reich, Adell & Cvitan
A Professional Law Corporation
2670 North Main Street
Suite 300
Santa Ana, California 92705
(213) 386-3860 (voice)
(213) 386-5583 (facsimile)

This e-mail and any files transmitted with it are confidential and we intend them solely for the use of the individual or entity to whom we have addressed them.  This may contain material protected by the attorney-client privilege, and if it is not addressed to, or if you are not the person responsible for delivering the e-mail to the intended recipient, you have received this e-mail in error and you may not use, disseminate, forward, print, or copy it.  If you received this e-mail in error, please immediately reply to the sender or notify us at Reich, Adell & Cvitan by telephone at (213) 386-3860.

Exhibit : J (6)

28000 N    ERITE PARKWAY, MISSION VIEJO, CA 92692-3635  ▪  949    4999  ▪  FAX 949.364.2726  ▪  WWW.SOCCCD.ORG

SADDLEBACK COLLEGE  ▪  IRVINE VALLEY COLLEGE  ▪  ADVANCED TECHNOLOGY & EDUCATION PARK

November 15, 2010

## VIA REGULAR MAIL, ELECTRONIC MAIL, AND CERTIFIED MAIL - RETURN RECEIPT REQUESTED

*Personal and Confidential*

Carol Wassmann
P.O. Box 247
Dana Point, CA 92629

Re:   **Notice of Immediate Placement on Paid Administrative Leave**

Dear Ms. Wassmann:

This letter is to notify you that you are hereby placed on paid administrative leave effective Tuesday, November 16, 2010. While you are on paid administrative leave, you are relieved of all duties and responsibilities as a Librarian at Irvine Valley College.

While on paid administrative leave, you will continue to receive your regular pay and benefits. You must make yourself available during regular business hours. As such, please immediately provide a phone number at which you may be reached during regular business hours to answer any and all inquiries regarding your employment.

During the period of this leave you are directed not to return to District property unless authorized to do so by me or by the Assistant Director of Human Resources, Ettie Graham. Additionally, you shall immediately surrender any and all District provided property in your possession, including but not limited to District office keys, ID, computer, and any other communication devices. If you have personal property that you need to retrieve from your office site, please contact Ms. Graham at (949) 582-4411 to make arrangements for this purpose.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Dr. David Bugay
Vice Chancellor, Human Resources

DB:

c:    Dr. Glenn Roquemore, President, Irvine Valley College
      Teddi Lorch, District Director, Human Resources
      Ettie Graham, Assistant Director, Human Resources
      Dr. Karima Feldhus, Dean Humanities & Languages, Social & Behavioral Sciences and
      Library Services
      Lee Haggerty, President, SOCCCDFA

BOARD OF TRUSTEES: THOMAS A. FUENTES, WILLIAM O. JAY, DAVID B. LANG, MARCIA MILCHIKER, NANCY M. PADBERG, DONALD P. WAGNER, JOHN S. WILLIAMS  •  DIXIE BULLOCK, ACTING CHANCELLOR
AN EQUAL OPPORTUNITY EMPLOYER

Exhibit: 14   (1)

**Sandy Jeffries**

| | |
|---|---|
| **From:** | Sandy Jeffries |
| **Sent:** | Tuesday, November 16, 2010 12:32 PM |
| **To:** | Carol Wassmann |
| **Cc:** | Jennifer Winston |
| **Subject:** | RE: Wednesday, November 17th, 2010 Board of Trustees Meeting |

Hi Carol.

Pursuant to our conversation, your case will not be addressed by the board at the November 17 meeting.

Thank you.
Sandy



Sandy Jeffries
Executive Assistant to the President
Irvine Valley College
5500 Irvine Center Drive
Irvine, CA 92618
  ~   ~
ph: 949.451.5210
fax: 949.451.5240
sjeffries@ivc.edu

**From:** Carol Wassmann
**Sent:** Friday, November 12, 2010 12:16 PM
**To:** Sandy Jeffries
**Cc:** jwinston@ivc.edu
**Subject:** Wednesday, November 17th, 2010 Board of Trustees Meeting

Dear Sandy,

I know that the campus is closed today, however, on Monday could you confirm that the original date (11/17/10), for my case to be brought before the board will be taken off the agenda (until I have my meeting with Dr. Roquemore.)

Sincerely,

Carol Wassmann
Professor/Librarian

1

Exhibit: K (2)

From:     Carol Wassmann [cwassmann@lvc.edu]
Sent:     Thursday, October 07, 2010 1:21 PM
To:       Rocio Navarro
Cc:       Karima Feldhus
Subject:  FW: Harassment

Dear Rosie,

Please see the email (below). The dean was cc on this however, she must have missed it.

Sincerely,
Carol Wassmann
Professor/Librarian

From: Carol Wassmann
Sent: Wednesday, October 06, 2010 8:34 AM
To: Kathy Schmeidler
Cc: Lewis Long; Karima Feldhus
Subject: Harassment

Hello Kathy,

I told the dean this morning that I was feeling under the weather and that I did not want my evaluation to be conducted today. The dean accused me of raising my voice and leaving the reference desk. I thought the professional thing to do was call you from my office. I am going to the nurses' station and leaving for the day. This is too much stress.

I told the dean that I would do the evaluation tomorrow (10/07), the dean said no she is busy.

Sincerely,
Carol Wassmann
Professor/Librarian

10/18/2010

(Exhibit: L (1))

Inbox

---

Inbox (2374 Items, 3 Unread)                                    Help

New ▾ | ▾ | | ✕ | ▾ | |          Reply  Reply to All  Forward

Search Inbox                          🔍 ▾

Arrange by: Date ▾              Newest on top ▾

**Two Weeks Ago**

Kathy Schmeidler                         10/6/2010 ▽
RE: Harassment

Jo Ann Alford                            10/6/2010 ▽
RE: Delivery Status Notification (Failure)

Joan Perlman                             10/6/2010 ▽
[cjc-l] RE: RE: RE: RE: RE: Confidentiality update ...

Minh Le                                  10/5/2010 ▽
Passing of Rod Wallbank

Karima Feldhus                           10/5/2010 ▽
Your Performance Evaluation

Kathy Parrinello                         10/4/2010 ▽
Thank you!

Carden Academy                           10/4/2010 ▽
Carden Academy - Notes & Dates for October

Stefanie Alvarez                         10/4/2010 ▽
Memo to Faculty: Accreditation Visit/All Faculty Op...

Rocio Navarro                            10/4/2010 ▽
Friday.

Stefanie Alvarez                         10/4/2010 ▽
Memo to Faculty: Sharepoint 2010

Glenn Roquemore                          10/4/2010 ▽
Budget Update: Erik Skinner, Exec. Vice Chancellor

**Three Weeks Ago**

Stefanie Alvarez                         10/1/2010 ▽
10-07-10 Rep Council Meeting

Karima Feldhus                           10/1/2010 ▽
RE: Performance Evaluation

Kratzert, Mona                           10/1/2010 ▽
RE: October 5th Observation

Karima Feldhus                           9/30/2010 ▽
October 5th Observation

Jayne Sinegal                            9/30/2010 ▽
Request for August & September 2010 Monthly W...

Jayne Sinegal                            9/30/2010 ▽
RE: Another Writing 1 - Library Orientation

danielle@nutritionsimplified.c...        9/30/2010 ▽
Re: Bringing your girls from Carden to my home o...

Jayne Sinegal                            9/30/2010 ▽
Another Writing 1 - Library Orientation

Jayne Sinegal                            9/30/2010 ▽
Writing I - Library Orientations

Thomas Statton                           9/30/2010 ▽

Items 151  to 200 of 2374        |◀ ◀ ▶ ▶|

---

**RE: Harassment**

Kathy Schmeidler

**Sent:** Wednesday, October 06, 2010 9:01 AM
**To:** Carol Wassmann
**Cc:** Lewis Long [lewis534@cox.net]; Karima Feldhus

Carol,

Let's get together tomorrow, when
you are back at IVC.  What time do
you get in?  I am in class from
9:30-11 and then from 1 until 7,
but I get to school around 7 am,
so I can meet you before my class
or between my 2 classes.

Kathy

From: Carol Wassmann
Sent: Wednesday, October 06, 2010
8:33 AM
To: Kathy Schmeidler
Cc: Lewis Long; Karima Feldhus
Subject: Harassment

---

(Exhibit: L )(2)

**Carol Wassmann**

| | |
|---|---|
| n: | Rocio Navarro |
| Sent: | Tuesday, February 09, 2010 12:43 PM |
| To: | Carol Wassmann |
| Subject: | RE: Nurses Station |

Hi Carol,
I will relay the message.
Rosie

*Rosie Navarro*
*Senior Administrative Assistant*
*IVC Library*
*949-451-5717*

**From:** Carol Wassmann
**:** Tuesday, February 09, 2010 12:31 PM
**To:** Rocio Navarro
**Subject:** Nurses Station

Dear Rosie,

I have a headache and I am going over to the nurses office. Please tell Karima not to cancel our meeting (with the music instructor). I will take something for this headache and will return in time for the 3:00p.m. meeting.

Thank you.
Carol Wassmann
Librarian/Professor


(Exhibit: M(i))

From:   Carol Wassmann [cwassmann@ivc.edu]
Sent:   Thursday, October 07, 2010 1:21 PM
To:     Rocio Navarro
Cc:     Karima Feldhus
Subject: FW: Harassment

Dear Rosie,

Please see the email (below). The dean was cc on this however, she must have missed it.

Sincerely,
Carol Wassmann
Professor/Librarian

From: Carol Wassmann
Sent: Wednesday, October 06, 2010 8:34 AM
To: Kathy Schmeidler
Cc: Lewis Long; Karima Feldhus
Subject: Harassment

Hello Kathy,

I told the dean this morning that I was feeling under the weather and that I did not want my evaluation to be conducted today. The dean accused me of raising my voice and leaving the reference desk. I thought the professional thing to do was call you from my office. I am going to the nurses' station and leaving for the day. This is too much stress.

I told the dean that I would do the evaluation tomorrow (10/07), the dean said no she is busy.

Sincerely,
Carol Wassmann
Professor/Librarian

10/18/2010

(Exhibit: M(2))

Dean waited nine (9) months too respond

Page 491

1    our facility asked could they look into it.  There were

2    no fumes.  So if there's a problem, then Mr. Pagal got

3    back to me and maybe a doctor's note.  I forwarded that

4    e-mail to HR.  And as far as I'm concerned, there was

5    an issue that HR had to deal with.

6            Now, in the meantime, if you recall all of the

7    meetings -- because a lot of things happened from

8    February to October of next semester -- the same year,

9    2010 --

10    Q    What happened in this issue from February to

11   October?

12    A    Excuse me?  Well, the smell.  Are you asking

13   about the e-mail from February -- why I didn't give an

14   option to move until October.  But I'm saying I did

15   present her with an option to move, just the day she

16   slammed the door in my face when she first mentioned

17   it.  I did send the e-mails to proper departments more

18   than once.  I did mention to her that she could leave

19   her door closed if the fumes were a problem, on the

20   condition that she leaves a sign on the door.  But none

21   of that happened.

22            Finally, as I said, I gave in.  She doesn't

23   want to put a sign on the door.  She doesn't want to

24   keep the door open.  She is not accessible to faculty

25   and staff.  By saying she was not accessible to faculty

Exhibit: N

**Carol Wassmann**

RECEIVED
PERB
SACRAMENTO
REGIONAL OFFICE

ɔm:                     Carol Wassmann
ᴄent:                   Thursday, April 29, 2010 9:21 PM
To:                     Kathy Schmeidler
Subject:                Load Fall 2010/2011

Hello Kathy,

The dean did not answer my email requesting summer hours 2010. Please proceed with my grievance. I would also like to know what measures I can take to grantee that I will have first option to teach Lib 10 and any online library classes in the fall.  Not being here in the summer will put me at a disadvantage when the dean is planning the schedule. ( I need to remain in the loop.)  My job is my livelihood. I need to work to support my child and myself. I cannot believe that this is happening.

Thank you for everything,
 Carol

Exhibit: O (1)

*Exhibit: O₂*

LA-CO-1592-B
April 10, 2014
Page 2

September 24, 2009
September 30, 2009
April 29, 2010
September 14, 2010
September 16, 2010
September 17, 2010
November 2, 2011

Discussion

PERB Regulation 32615(a)(5) requires, inter alia, that an unfair practice charge include a "clear and concise statement of the facts and conduct alleged to constitute an unfair practice." The Charging Party should include facts alleging the "who, what, when, where and how" of an unfair practice. (*State of California (Department of Food and Agriculture)* (1994) PERB Decision No. 1171-S, citing *United Teachers-Los Angeles (Ragsdale)* (1992) PERB Decision No. 944.) Mere legal conclusions are not sufficient to state a prima facie case. (*Ibid.; Charter Oak Unified School District* (1991) PERB Decision No. 873.)

The charging party's burden also includes alleging facts showing that the unfair practice charge was timely filed, i.e., that the alleged unfair practice occurred no more than six months prior to the filing of the charge. (*Los Angeles Unified School District* (2007) PERB Decision No. 1929; *City of Santa Barbara* (2004) PERB Decision No. 1628-M.) PERB is prohibited from issuing a complaint with respect to any charge based upon an alleged unfair practice occurring more than six months prior to the filing of the charge. (*Coachella Valley Mosquito and Vector Control District v. Public Employment Relations Board* (2005) 35 Cal.4th 1072.) The limitations period begins to run once the charging party knows, or should have known, of the conduct underlying the charge. (*Gavilan Joint Community College District* (1996) PERB Decision No. 1177.) "In cases alleging a breach of the duty of fair representation, the six month statutory limitations period begins to run on the date when the charging party, in the exercise of reasonable diligence, knew or should have known that further assistance from the union was unlikely." (*United Faculty of Grossmont–Cuyamaca Community College District (Tarvin)* (2010) PERB Decision No. 2133.)

Moreover, PERB's jurisdiction is limited to the determination of unfair practice charges arising under the EERA and other public sector employer-employee relations statutes which it administers. PERB does not have jurisdiction over employment-related discrimination claims arising under California's Fair Employment and Housing Act (Gov. Code, § 12900 et seq.), which is enforced by the Department of Fair Employment and Housing and California courts. (*Baldwin Park Education Association (Hayek, et al.)* (2011) PERB Decision No. 2223.) Likewise, PERB lacks jurisdiction over claimed violations of the United States and California Constitutions as well as a variety of federal statutes which protect employees, including Title VII of the Civil Rights Act of 1964. (*Housing Authority of the City of Los Angeles* (2011) PERB Decision No. 2166-M; *California School Employees Association, Chapter 245 (Waymire)* (2001) PERB Decision No. 1448.) Charging Party alleges that she was

(949) 451-5788 · CAROL WASSMANN · cwassmann@ivc.edu
Professor · Librarian
Irvine Valley College
Department of Library Services
5500 Irvine Center Drive, Irvine CA 92618

November 22, 2010

Dr. Glenn R. Roquemore, President                    *Via Personal Service*
Irvine Valley College
5500 Irvine Center Drive
Irvine, CA 92618

    Re:    Carol Wassmann; Supplemental Response to Intent to Recommend Dismissal

Dear President Roquemore:

    I submit this supplemental response to the charges (pending against me) in addition to those that I respectfully submitted Friday, November 19, 2010.

    Over the weekend since I submitted the first Response, I have found evidence which proves another instance in which Dean Feldhus fabricated the truth about my "absences", more specifically about my alleged January 21, 2010 "absence", when I was actually teaching a class. Some of the documents that I need to fully respond to the remainder of the alleged absences are mysteriously missing from my office now, so I will work with HR to provide further evidence of my non-absences.

    I respectfully request that you review my Response and this supplemental response, and give me some additional time to provide further evidence to you so that you will have everything available to you before you make your recommendation. I ask that no decision be made pending further investigation on these matters.

                            Sincerely,

                            *CAROL WASSMANN,*
                            *IVC PROFESSOR, LIBRARIAN*

Enclosures:    Absence Verification Form
               Bibliographic Instruction Form

Exhibit : P(1)

**ABSENCE VERIFICATION**                      South Orange County Community College District

| | ☐ District | ☐ SC | ☐ IVC | ☐ ATEP |
|---|---|---|---|---|

| 1. NAME | | | 2. LOCATION: (i.e. MSE/Physics) |
|---|---|---|---|
| Wassmann | Carol | | Div/Dept:   **Library Services** |
| Last | First | Initial | SS # / Emp. ID #   **8335** |
| Payroll Period From:   **2/1/10**   To:   **2/28/10** | | | Position:   **Librarian** |

| 3. BENEFIT REQUESTED | DATE(S) |
|---|---|
| ☒ SICK LEAVE<br>*Absent more than 5 consecutive days, a doctor's off work order is required.* | **2/2, 2/3, 2/4 & 2/5/10 –Full Sick Days**<br>**2/9/10 – 1/2 Sick Day** |
| ☒ PERSONAL NECESSITY LEAVE | **2/16/10 – 1/2 PN Day** |
| ☐ CONVENIENCE LEAVE | |
| ☐ INDUSTRIAL INJURY/ILLNESS LEAVE:<br>*Initial date of Inj/Ill* | |
| ☐ VACATION LEAVE | |
| ☐ COMPENSATORY TIME | |
| ☐ BEREAVEMENT LEAVE RELATIONSHIP:<br>*For more than 3 days indicate city & State (Refer to Union Contract)* | |
| ☐ LEAVE WITHOUT PAY | |
| ☐ EXCUSED<br>*Indicate Reason:* | |
| ☐ JURY DUTY<br>*Attach Court Certification* | |

**\*\*\* ACADEMIC ONLY \*\*\* USE A SEPARATE ABSENCE VERIFICATION WHEN REPORTING LOAD AND OVERLOAD**

| TOTAL DUTY DAYS ABSENT: | **5** | Days | TOTAL DUTY HRS. ABSENT: | | Hrs |
|---|---|---|---|---|---|
| *\*Use for Full-Time Academic Load ONLY* | | | *\*Use for F/T Academic Overload*<br>*Part-Time Academic*<br>*All Classified*<br>*All Administrators* | | |

ILLNESS OR INJURY REPORT
If absent because of illness or injury for longer than five days, a statement by a licensed physician may be required, or evidence of treatment and the need thereof by the practice of religion of any well recognized church or denomination. The Board of Trustees may require a statement from a physician at any time regardless of the duration of the absence.

| 4. EMPLOYEE'S STATEMENT |
|---|
| I hereby affirm that the above statements are correct and true. |
| Signature of Employee — Date |

| 5. CERTIFICATION by the employee's administrator is required for each request. |
|---|
| I hereby certify that to the best of my knowledge and belief the above statements are correct and true, and I recommend approval of this request. |
| Signature of Administrator — Date |

FS 102  Rev. 11/06

Exhibit: P(2)

# STATEMENT OF CHARGES
## (Rebuttal 12/08/10)

### Addendum: (P)

## Discrepancies

| | |
|---|---|
| **September 2009** | 22nd, I taught a class<br>24th, check to see if I was at academic senate? |
| **October 2009** | 15th, check academic senate? |
| **December 2009** | 15th & 16th (Finals Week Discrepancies), 21st (faculty off) |
| **January 2010** | 21st, academic senate (check) |
| **February 2010** | 4th, check academic senate, 2nd (nurses st) Prof. Haggerty & Kathy, 3rd, chair & Professor Hewitt dialog. 9th, evaluation conducted on this day and we met with Jamie Poster that day also. |
| **March 2010** | 2nd, meeting with Ettie, dean & Kathy |
| **August 2010** | * |
| **September 2010** | 13th, Personal Necessity day |
| **October 2010** | 1st, (arrived at 12: noon), email, 4th, union, 5th & 6th sick 18th PN, 28th, union attorney a.m. 5:00p.m. night shift and bibliographic Instruction. |

**Carol Wassmann**
**Professor/Librarian**

Exhibit: P (3)

# STATEMENT OF CHARGES
## (Rebuttal 11/5/10)

### Addenum: (P)

P)   **Statement:**
     **Wassmann has also exhibited a pattern of excessive absences**

**Rebuttal:**
The sick time I have used I have earned. I have experienced a number of discrepancies with the administrative assistant (when she signs my absent forms: unavailable for signature).

(i)   During the month of August 2009, Wassmann was absent...
      **Human resources was provided with a doctor's note.**

(ii)   Request that Human Resources provide the original copy for the
       following dates: September 2009, 16th, 22nd, 24th and 28th.

(iii)   Request that Human Resources provide the original copy for the
        Following dates: October 2009, 6th, 9th, 12th, 15th & 26th.

(iv)   Request that Human Resources provide the original copy for the
       Following dates: December 2009, 15th, 16th & 21st.

(v)   Request that Human Resources provide the original copy for the
      Following dates: January 2010, 21st, 26th & 27th

(vi)   Request that Human Resources provide the original copy for the (February )
       Following dates: 5th & 9th. ($2^{nd, Nurses}$ Station), (3rd dialog with chair & Professor
       Hewitt), (4th, I believe I attended Academic Senate) & (9th, evaluation conducted
       on this day and also attended meeting with Professor Poster).

(vii)   Request that Human resources provide the original copy for the
        Following dates: March 2010, 2nd, 10th, & 11th.

(viii)   Request that Human resources provide the original copy for the
         Following dates: May 2010, 18th, 19th, 20th, & 21st. **I believe that
         human resources was provided with a doctors note.**

(ix)   Request that Human Resources provide the original copy for the
       Following date: August 30th, 2010.

Exhibit: P (4)

(x)    Request that Human Resources provide the original copy for the Following: September 2010, 13th. **I believe that I was at Beckman High School (Early College Program) 23rd.**

(xi)    Request that Human Resources provide the original copy for the Following dates: October 2010, 5th, 6th, 26th, 1st, 4th, 18th, 19th, 28th **October  is visited the union attorney in the morning and Conducted my Writing 1 bibliographic orientation upon my return that evening.**

**There are a lot of discrepancies with the absent forms. I need the originals to verify the dates and times. A blank form will not do.**

Carol Wassmann
November 18th, 2010.

Exhibit: P(5)

**Carol Wassmann**

| | |
|---|---|
| **From:** | Carol Wassmann |
| **Sent:** | Friday, October 15, 2010 4:13 PM |
| **To:** | Lisa Cornejo |
| **Subject:** | RE: used sick leave |

Hello Lisa,

Actually, come to think of it, could you provide me with all my absences, personal necessity (load and overload) for the time period of August 15th, 2005 to the present day.

Thank you for help with this matter.
Sincerely,

Carol Wassmann
Professor/Librarian

**From:** Lisa Cornejo
**Sent:** Friday, October 15, 2010 2:02 PM
**To:** Carol Wassmann
**Subject:** used sick leave

Hi,

Do you want to include personal necessity or just used sick leave?  Also do you want to include your load and overload or just one of these?

Lisa

Lisa M. Cornejo
Payroll Specialist
South Orange County Community College District
28000 Marguerite Parkway Mission Viejo CA 92692
Phone : (949) 582 4892
Fax : (949) 364 9447
www.socccd.org

The dawn of each new day brings us a chance to become more than we ever imagined.

Exhibit: P6

## Carol Wassmann

| | |
|---|---|
| **From:** | Carol Wassmann |
| **Sent:** | Wednesday, November 03, 2010 8:04 AM |
| **To:** | Rocio Navarro |
| **Cc:** | Jayne Sinegal; Karima Feldhus; Wendy Rayburn |
| **Subject:** | My Boo! Boo! |

Hello Rosie,

I found the absent forms. Between getting ready for my huge outreach program at Hillview High School and you not working on Fridays, I made a note to myself to give you the paperwork on Monday, and then promptly, forgot to give the paperwork to you. My boo, boo.

Sincerely,
Carol Wassmann
Professor/Librarian

Exhibit: P. 7

will be dismissed, unless he or she demands a hearing.

87736.   Whenever any academic employee of a community college district is charged with the commission of any sex offense, as defined in Section 87010, by complaint, information, or indictment filed in a court of competent jurisdiction, the governing board of the district may immediately place the employee upon compulsory leave of absence for a period of time extending for not more than 10 days after the date of the entry of the judgment in the proceedings. The governing board of the district may extend the compulsory leave of absence of the employee beyond such period by giving notice to the employee within 10 days after the entry of judgment in the proceedings that the employee will be dismissed at the expiration of 30 days from the date of service of the notice, unless the employee demands a hearing as provided in Section 87737.

Any employee placed upon compulsory leave of absence pursuant to this section shall continue to be paid his or her regular salary during the period of his or her compulsory leave of absence, if and during such time as the employee furnishes to the community college district a suitable bond, or other security acceptable to the governing board, as a guarantee that the employee will repay to the district the amount of salary so paid to the employee during the period of the compulsory leave of absence in case the employee is convicted of such charges, or fails or refuses to return to service following an acquittal of the offense or dismissal of the charges. If the employee is acquitted of the offense, or the charges against the employee are dismissed, the district shall reimburse the employee for the cost of the bond upon his or her return to service in the district.

If the employee does not elect to furnish bond, or other security acceptable to the governing board of the district, and if the employee is acquitted of the offense, or the charges against the employee are dismissed, the district shall pay to the employee his or her full compensation for the period of the compulsory leave of absence upon his or her return to service in the district.

Whenever any academic employee of a community college district is charged with the commission of any narcotics offense as defined, in Section 87011 of the Education Code, or a violation of Section 261.5 of the Penal Code, Sections 11357 to 11361, inclusive, 11363, 11364, or 11377 to 11382, inclusive, insofar as such sections relate to any controlled substances in paragraph (4) or (5) of subdivision (b) of Section 11056, or any controlled substances in subdivision (d) of Section 11054, except paragraphs (10), (11), (12), and (17) of such subdivision, of the Health and Safety Code, by complaint, information, or indictment filed in a court of competent jurisdiction, the governing board of the district may immediately place the employee upon compulsory leave in accordance with the procedure in this section.

87737.   The notice of suspension and intention to dismiss, shall be in writing and be served upon the employee personally or by United States registered mail addressed to the employee at his or her last known address. A copy of the charges filed, together with a copy of the provisions of Section 87736, shall be attached to the notice. If the employee demands a hearing within 30 days, the matter shall proceed to arbitration or hearing, as the case may be, as specified in Article 4. If the employee does not demand a hearing within the 30-day period, his or her dismissal shall be effective upon the expiration of 30 days after service of the notice.

_Clear Violation_

Exhibit: Q

**Carol Wassmann**

| | |
|---|---|
| **From:** | Carol Wassmann |
| **Sent:** | Wednesday, October 27, 2010 2:26 PM |
| **To:** | Jayne Sinegal |
| **Cc:** | Karima Feldhus; Jennifer Tarulli; 'Barcelo, Nubia'; Anne Akers; 'bhewitt@ivc.cc.ca.us' |
| **Subject:** | Outreach & Community Relations - Hillview High School Visit |

Hello Jayne,

Our visit to the  Hillview High School Outreach program  (today)was a great success.  Approximately, 250 students were in attendance and the information Jennifer and I provided (college preparedness and student academic success), was very well received. The month of December will  mark the "wrap-up"
 season for Hillview High School senior, and Ms. Nubia Barcelo (Counselor) and I would like to maintain the momentum by tentatively, scheduling the IVC librarian as a guest speaker for the following:

Date: Tuesday, December 7th, 2010

Time: 8:00a.m. – 3:00p.m.

Sessions: (4) Senior Classes throughout the day; approximately, 35 -45minutes (each) duration

Location: Hillview High School

The IVC library will continue to support the college outreach programs, which ultimately,  will benefit our potential students as they make the transition from high school to college with ease.

Sincerely,
Carol Wassmann
Professor/Librarian

Exhibit: R (1)

**Carol Wassmann**

| | |
|---|---|
| From: | Carol Wassmann |
| Sent: | Friday, September 17, 2010 11:34 AM |
| To: | Kathy Schmeidler |
| Cc: | Lewis Long |
| Subject: | FW: Hillview High School Career Day |
| Attachments: | Career Fair Oct. 2010.doc |

Hello Kathy,

Please see email below. I am scheduled to participate at this special outreach event (at the Hillview High School), in October. I just want you to know that my enthusiasm and passion for my job remains "high" and always has been.

Peace,
Carol

**From:** Barcelo, Nubia [mailto:NBarcelo@tustin.k12.ca.us]
**Sent:** Wednesday, September 15, 2010 9:37 AM
**To:** Anne Akers; Carol Wassmann
**Subject:** Hillview High School Career Day

Yes, I was getting worried about you because I had not heard from you.  We are not having our usual lunch we will be serving coffee, tea, water and pastries in the morning before the fair.

I hope you had a great summer. I am taking African dance again and Hip Hop (ha ha) those young kids are so good I feel awkward, I have to remember to just have fun.

I hope to see you soon.  Tell Carol that  I said thank you, I know she has been very excited about coming out to speak with our students.

See ya
Nubia

Tustin Unified School District E-Mail Disclaimer This communication and any documents, files, or previous e-mail messages attached to it constitute an electronic communication within the scope of the Electronic Communication Privacy Act, 18 USCA 2510.This communication may contain non-public, confidential, or legally privileged information intended for the sole use of the intended recipient(s). The unlawful interception, use or disclosure of such information is strictly prohibited under 18 USCA 2511. Any review, reliance, or distribution by others or forwarding without expressed permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Exhibit: R(2)

**Sandy Jeffries**

| | |
|---|---|
| **From:** | Sandy Jeffries |
| **Sent:** | Tuesday, November 16, 2010 12:32 PM |
| **To:** | Carol Wassmann |
| **Cc:** | Jennifer Winston |
| **Subject:** | RE: Wednesday, November 17th, 2010 Board of Trustees Meeting |

Hi Carol.

Pursuant to our conversation, your case will not be addressed by the board at the November 17 meeting.

Thank you.
Sandy

IRVINE VALLEY COLLEGE

Sandy Jeffries
Executive Assistant to the President
Irvine Valley College
5500 Irvine Center Drive
Irvine, CA 92618
~   ~
ph: 949.451.5210
fax: 949.451.5240
sjeffries@ivc.edu

**From:** Carol Wassmann
**Sent:** Friday, November 12, 2010 12:16 PM
**To:** Sandy Jeffries
**Cc:** jwinston@ivc.edu
**Subject:** Wednesday, November 17th, 2010 Board of Trustees Meeting

Dear Sandy,

I know that the campus is closed today, however, on Monday could you confirm that the original date (11/17/10), for my case to be brought before the board will be taken off the agenda (until I have my meeting with Dr. Roquemore.)

Sincerely,

Carol Wassmann
Professor/Librarian

Exhibit: S

# IVC

IRVINE VALLEY COLLEGE

www.ivc.edu

5500 Irvine Center Drive, Irvine, CA 92618

949.451.5100 ◆ Fax 949.451.5270

November 4, 2010

**VIA REGULAR MAIL, PERSONAL SERVICE,**
**AND PROOF OF SERVICE**

*Personal and Confidential*

Carol Wassmann
P.O. Box 247
Dana Point, CA 92629

Re:  **Notice of Intent to Recommend Dismissal and Statement of Charges**

Dear Ms. Wassmann:

The purpose of this letter is to advise you that the South Orange County Community College District intends to recommend that you be dismissed from your employment with the District.  If this recommendation remains unchanged following completion of any pre-disciplinary review of this matter, the District will submit this recommendation to the Board of Trustees at its meeting on November 17, 2010, and your dismissal will be effective thirty days after service on you of any final notice of dismissal that is authorized by the Board.

The recommended dismissal is based on findings that you have committed the following violations of Education Code Section 87732:

1.     Unprofessional conduct;

2.     Unsatisfactory performance;  and

3.     Evident unfitness for service.

SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES
Thomas A. Fuentes, William O. Jay, David B. Lang, Marcia Milchiker, Nancy M. Padberg,
Donald P. Wagner, John S. Williams, · Dixie Bullock, Ed.D., Acting Chancellor
IRVINE VALLEY COLLEGE: Glenn R. Roquemore, Ph.D., President

Exhibit : T (1)

Wassmann, Carol
November 4, 2010
Page 3 of 3

decision. If I recommend to the Board that you be dismissed, and if the Board accepts that

recommendation, you will be provided with notice pursuant to Education Code Section

87666 et seq., and you will then have the right to request a full formal hearing in accordance

with the Education Code.

Sincerely,

Dr. Glenn Roquemore
President
Irvine Valley College

Enclosures:   Statement of Charges and Exhibits 1 – 18 and Notice to Correct Deficiencies –
Unsatisfactory Performance and Unprofessional Conduct
Government Code Sections 11506, 11507.5, 11507.6 and 11507.7
Education Code Sections 87666-87683 and 87732

4:35 p.m. Jennifer          11/8/10
Sandy Jeffress   5210

SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES
Thomas A. Fuentes, William O. Jay, David B. Lang, Marcia Milchiker, Nancy M. Padberg,
Donald P. Wagner, John S. Williams, · Dixie Bullock, Ed.D., Acting Chancellor
IRVINE VALLEY COLLEGE: Glenn R. Roquemore, Ph.D., President

Exhibit : T (2)

**Flow Chart of Events**



Meet with President
Glen Roquemore &
Robert Bramucci
January 2011

Carol Wassmann
Meet with Carlos
Perez Esq.
December 2010

Meet with President Glenn Roquemore,
Robert Bramucci, & Sandy Jeffries
November 22nd, 2010

Carol
Wassmann Placed
On Administrative Leave
November 16th, 2010

Flow Chart of Events
Created by Carol Wassmann

Monday, September 16th, 2013

Exhibit: U (1)

28000 MARGUERITE PARKWAY, MISSION VIEJO, CA 92692-3635   ●   949.582.4999   ●   FAX 949.364.2726   ●   WWW.SOCCCD.ORG

SADDLEBACK COLLEGE   ●   IRVINE VALLEY COLLEGE   ●   ADVANCED TECHNOLOGY & EDUCATION PARK

November 24, 2010

### VIA REGULAR MAIL  AND CERTIFIED MAIL –
### RETURN RECEIPT REQUESTED

*Personal and Confidential*

Carol Wassmann
P.O. Box 247
Dana Point, CA 92629

Re:   **Notice of Intent to Recommend Dismissal and Statement of Charges**

Dear Ms. Wassmann:

    While not required to do so, the District has decided to grant your request for a  second extension of time for a predisciplinary meeting with President Glenn Roquemore.  The District initially scheduled your predisciplinary meeting for Monday, November 15, 2010.   On November 11, 2010, you requested an extension so that you could prepare a written response to the Notice of Intended Discipline.   The District granted your request and rescheduled your meeting to Monday, November 22, 2010. On November 19, 2010, the District received a written response from you regarding the District's intent to recommend your dismissal.  On November 22, 2010, despite the fact that you have provided the written response you wished to make, you once again requested an extension of time for this meeting.  Although it is not required to do so, the District will grant your request. Your predisciplianry meeting is scheduled for Monday, December 13, 2010 at 3:30 p.m. in President Roquemore's office. Please contact his office at (949) 451-5210 to confirm your attendance at the meeting. Please be advised that we will not grant any additional requests for an extension of time for this meeting.

Sincerely,

Dr. David Bugay

Dr. David Bugay
Vice Chancellor, Human Resources

DB:

c:      Dr. Glenn Roquemore, President, Irvine Valley College

BOARD OF TRUSTEES: THOMAS A. FUENTES, WILLIAM O. JAY, DAVID B. LANG, MARCIA MILCHIKER, NANCY M. PADBERG, DONALD P. WAGNER, JOHN S. WILLIAMS   •   DIXIE BULLOCK, ACTING CHANCELLOR
AN EQUAL OPPORTUNITY EMPLOYER

Exhibit: U(2)

## NOTICE OF OBJECTION TO THE STATEMENT OF DECISION TO DISMISS

To: The Board of Trustees,
Dr. David Bugay
Vice Chancellor Human Resources
South Orange County Community College District
28000 Marguerite Parkway
Mission Viejo, CA 92692

I acknowledge service of the Notice of Decision to Dismiss (with supporting documents, Exhibits 1, 2, 3 and 4) against me as a respondent, dated March 29, 2011. In response thereto, I represent that this reply to the South Orange County Community College District shall be my objection to the decision pursuant to Education Code Section 8763 and Government Code Section 11506.

My present and correct mailing address is as follows:

Ms. Carol Wassmann
P.O. Box 247
Dana Point, Ca 92629

Date: 4|7|11          Signed: _Carol Wassmann_

document rec'd
4/7 2011 (MCA)

**RECEIVED**

API 0 7 2011

HUMAN RESOURCES
OCCCD

BOARD OF TRUSTEES: THOMAS A. FUENTES, WILLIAM O
MARCIA MILCHIKER, NANCY M. PADBERG, T.J. PRENDERG,
AN EQUAL OPPORTUNIT'

( Exhibit: V )

*handwritten note in top right margin:*
1. March 11th, 2011
2. Obrochan

## California Government Code

11506.   (a) Within 15 days after service of the accusation the respondent may file with the agency a notice of defense in which the respondent may:
   (1) Request a hearing.
   (2) Object to the accusation upon the ground that it does not state acts or omissions upon which the agency may proceed.
   (3) Object to the form of the accusation on the ground that it is so indefinite or uncertain that the respondent cannot identify the transaction or prepare a defense.
   (4) Admit the accusation in whole or in part.
   (5) Present new matter by way of defense.
   (6) Object to the accusation upon the ground that, under the circumstances, compliance with the requirements of a regulation would result in a material violation of another regulation enacted by another department affecting substantive rights.
   (b) Within the time specified respondent may file one or more notices of defense upon any or all of these grounds but all of these notices shall be filed within that period unless the agency in its discretion authorizes the filing of a later notice.
   (c) The respondent shall be entitled to a hearing on the merits if the respondent files a notice of defense, and the notice shall be deemed a specific denial of all parts of the accusation not expressly admitted. Failure to file a notice of defense shall constitute a waiver of respondent's right to a hearing, but the agency in its discretion may nevertheless grant a hearing. Unless objection is taken as provided in paragraph (3) of subdivision (a), all objections to the form of the accusation shall be deemed waived.
   (d) The notice of defense shall be in writing signed by or on behalf of the respondent and shall state the respondent's mailing address. It need not be verified or follow any particular form.
   (e) As used in this section, "file," "files," "filed," or "filing" means "delivered or mailed" to the agency as provided in Section 11505.

11507.5.   The provisions of Section 11507.6 provide the exclusive right to and method of discovery as to any proceeding governed by this chapter. *Rebuttas (gives) — Grodure request (gives).*

11507.6.   After initiation of a proceeding in which a respondent or other party is entitled to a hearing on the merits, a party, upon written request made to another party, prior to the hearing and within 30 days after service by the agency of the initial pleading or within 15 days after the service of an additional pleading, is entitled to (1) obtain the names and addresses of witnesses to the extent known to the other party, including, but not limited to, those intended to be called to testify at the hearing, and (2) inspect and make a copy of any of the following in the possession or custody or under the control of the other party:
   (a) A statement of a person, other than the respondent, named in the initial administrative pleading, or in any additional pleading, when it is claimed that the act or omission of the respondent as to this person is the basis for the administrative proceeding;
   (b) A statement pertaining to the subject matter of the proceeding

Exhibit: W (1)

4.

## California Education Code

87666.   During the school year, all contract and regular employees are subject to dismissal and the imposition of penalties on the grounds and pursuant to procedures set forth in this article.

87667.   A contract or regular employee may be dismissed or penalized for one or more of the grounds set forth in Section 87732.

87668.   A governing board may impose one of the following penalties:
   (a) Suspension for up to one year.
   (b) Suspension for up to one year and a reduction or loss of compensation during the period of suspension.

87669.   The governing board shall determine whether a contract or regular employee is to be dismissed or penalized. If the employee is to be penalized, the governing board shall determine the nature of those penalties. If the employee is to be dismissed or penalized, the governing board shall determine whether the decision shall be imposed immediately or postponed in accordance with Section 87672.

87670.   The procedure set forth in this article does not apply to an immediate suspension effected under Section 87736.

87671.   A contract or regular employee may be dismissed or penalized if one or more of the grounds set forth in Section 87732 are present and the following are satisfied:
   (a) The employee has been evaluated in accordance with standards and procedures established in accordance with the provisions of this article.
   (b) The district governing board has received all statements of evaluation which considered the events for which dismissal or penalties may be imposed.
   (c) The district governing board has received recommendations of the superintendent of the district and, if the employee is working for a community college, the recommendations of the president of that community college.
   (d) The district governing board has considered the statements of evaluation and the recommendations in a lawful meeting of the board.

87672.   If a governing board decides it intends to dismiss or penalize a contract or regular employee, it shall deliver a written statement, duly signed and verified, to the employee setting forth the complete and precise decision of the governing board and the reasons therefor.
   The written statement shall be delivered by serving it personally on the employee or by mailing it by United States registered mail to the employee at his or her address last known to the district.
   A governing board may postpone the operative date of a decision to dismiss or impose penalties for a period not to exceed one year, subject to the employee's satisfying his or her legal responsibilities as determined by statute and rules and regulations of the district. At the end of this period of probation, the decision shall be made operative or permanently set aside by the governing board.

87673.   If the employee objects to the decision of the governing board, or the reasons therefor, on any ground, the employee shall notify, in writing, the governing board, the superintendent of the district which employs him or her, and the president of the college

Exhibit: W (2)



at which the employee serves of his or her objection within 30 days of the date of the service of the notice.

87674.  Within 30 days of the receipt by the district governing board of the employee's demand for a hearing, the employee and the governing board shall agree upon an arbitrator to hear the matter. When there is agreement as to the arbitrator, the employee and the governing board shall enter into the records of the governing board written confirmation of the agreement signed by the employee and an authorized representative of the governing board. Upon entry of such confirmation, the arbitrator shall assume complete and sole jurisdiction over the matter.

87675.  The arbitrator shall conduct proceedings in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code, except that the right of discovery of the parties shall not be limited to those matters set forth in Section 11507.6 of the Government Code but shall include the rights and duties of any party in a civil action brought in a superior court under Title 4 (commencing with Section 2016.010) of Part 4 of the Code of Civil Procedure. In all cases, discovery shall be completed prior to one week before the date set for hearing. The arbitrator shall determine whether there is cause to dismiss or penalize the employee. If the arbitrator finds cause, the arbitrator shall determine whether the employee shall be dismissed, the precise penalty to be imposed, and whether the decision should be imposed immediately or postponed pursuant to Section 87672.

No witness shall be permitted to testify at the hearing except upon oath or affirmation. No testimony shall be given or evidence introduced relating to matters that occurred more than four years prior to the date of the filing of the notice. Evidence of records regularly kept by the governing board concerning the employee may be introduced, but no decision relating to the dismissal or suspension of any employee shall be made based on charges or evidence of any nature relating to matters occurring more than four years prior to the filing of the notice.

87676.  In the case in which the arbitrator determines that the operation of his or her decision should be postponed, any question of terminating the postponement shall be determined by the arbitrator.

87677.  The district alone shall pay the arbitrator's fees and expenses, and the costs of the proceedings as determined by the arbitrator. The "cost of the proceedings" does not include any expenses paid by the employee for his or her counsel, witnesses, or the preparation or presentation of evidence on his or her behalf.



87678.  If within 30 days of the receipt of the notification by the district governing board, no written confirmation of agreement of the employee and the governing board as to an arbitrator has been submitted to the secretary of the governing board for entry into its records, the governing board shall certify the matter to the Office of Administrative Hearings and request the appointment of an administrative law judge.

87679.  The administrative law judge shall conduct proceedings in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code, except that the right of discovery of the parties shall not be limited to those matters set forth in Section 11507.6 of the Government Code but shall include the rights and duties of any party in a civil action brought

Exhibit: W(3)



Black thob on
my office door

Hillview High School
Fall 2010   Items

Exhibit: X

Leave" and the same could be done for her. <u>Again, this did not happen in Plaintiff Wassmann's case</u>.

### B. (New) Harassment Policy

<u>Plaintiff did not have copies of the SOCCCD's Harassment Policy and Complaint Procedure and discrimination form. This newly created website was NOT in existence during Plaintiff's employment with the SOCCCD. (6 CT 1740-1750). Furthermore, Plaintiff was told by Kathy S. and Lewis Long that they would file her grievance and not to worry about anything.</u>

### C. <u>The Rembrandt(s) Are a Forgery</u>

From the onset Plaintiff WASSMANN has professed her innocence, and refuted each and every complaint (lodged) against her with her rebuttals, and her (repeated) request to have her grievance filed. Plaintiff signed the "Objection to Dismiss" (sent to her by the SOCCCD), and personally took this document over to Human Resources. The document was signed and stamped (by the young lady at the front desk). **(9 CT 2406: 127-128).** **Plaintiff WASSMANN discovered recently (01/15/2016), that mysteriously, this (signed) document, is missing from her file (at the OAH). Instead in its place is a "Blank" copy. Therefore, any judge looking at this will assume that the Plaintiff does not have any objection to the decision to dismiss, which could not have been anything; further from the truth.**

51


( Exhibit: Y(1) )

faculty and staff, and to gain Respondent's compliance with library policies and procedures. Respondent continually engaged in discourteous, disrespectful, and insubordinate behavior toward Sinegal and other staff members. Respondent on many occasions was loud, boisterous, angry, and hostile toward Library administrators and staff. Not every action, in isolation, would establish evident unfitness, but upon reviewing all the facts and circumstances together, it has been established that Respondent is not adapted to teaching. (See *Woodland, supra,* 2 Cal.App.4th at 1457 ["When a camel's back is broken, we need not weigh each straw in its load to see which one could have done the deed."].)

5.    Cause exists for terminating Respondent's employment with the District under section 87667, in conjunction with 87732, subdivision (f), for persistent violation of, or refusal to obey, the school laws of the state or reasonable regulations prescribed for the government of the community college employing her, by reason of factual finding numbers 6, 10-20, 23, 24, and 32-40. The District's rules and policies required its Librarians to maintain professional relationships with all employees of the District, to attend school meetings, and to submit required reports. Respondent received many warnings regarding her behavior, yet continued to violate these provisions, on multiple occasions. Respondent's misconduct was persistent, rather than isolated incidents, or incidents involving an issue unresolved over a period of time. (See, e.g., *Bourland v. Commission on Professional Competence* (1985) 174 Cal.App.3d 317.) Respondent's misconduct was not a single violation. Respondent engaged in a pattern of improper conduct, which warrants her discipline.

### ORDER

The District's termination of the employment of Respondent, Carol Wassmann, is sustained.

Dated: August 28, 2012

Mark Harman

_____

MARK HARMAN
Administrative Law Judge
Office of Administrative Hearings

Exhibit: Y (2)

001801

had a second meeting with President Roquemore and Vice Chancellor Brumucci.

**(8 CT 2398: 8), (9 CT 2406: 122-126).**

**(Please Note: The "Notice To Correct Deficiencies" (documentation) becomes the "Statement of Charges" when Plaintiff is taken to the (OAH), (7 CT 2064- 2078), (1 CT 263-280)**

Plaintiff WASSMANN is in the middle of Ph.D., at Walden University; however, her "dreams" and aspirations of "giving back to the community" are halted as Plaintiff WASSMANN tries relentlessly to; "Stand up" for her Constitutional rights; to clear her name and return to work. **(9 CT 2407: 138).**

### "C" The Weight of the Evidence at the OAH Is Tainted

On January 15th, 2016, Plaintiff WASSMANN discovered "Fabricated" documents **(in her case file)** at the OAH. Specifically, (1) A Faculty Performance Evaluation that did not occur (2) inconsistent signatures on the "Statement of Charges" **(signature page)**, **violating the evaluation timeline (Education Code: Section 87673, 87674) and (3) to Plaintiff's horror and dismay, a "Blank" form; i.e., Plaintiff's WASSMANN'S "Objection to the Decision To Dismiss" mysteriously is (in her case file). (9 CT 2406: 127-128), (9 CT 2406: 136), (9 CT 2459: 142).** Furthermore, any judge looking at this document would assume that Plaintiff WASSMANN was in agreement with this decision to dismiss her; (because the form is "Blank" un-signed), when in fact this was not the case. Plaintiff WASSMANN personally delivered this "Objection Letter" to human resources, and where the document was initialed (and stamped) by the young lady at the front desk. **(1 CT 280), (3 CT 670: 1-4), (7 CT 1806: 15-18), (7 CT 2086), (9 CT 2627).**

34

(Exhibit: Z)



OFFICE OF ADMINISTRATIVE HEARINGS                    State of California

GENERAL JURISDICTION DIVISION                        Department of General Services
320 West Fourth Street, Suite 630, Los Angeles CA 90013
(213) 576-7200 phone / (916) 376-6324 fax            *Governor Edmund G. Brown Jr.*
www.dgs.ca.gov/OAH

February 1, 2016

Ms. Carol Elaine Wassmann
P.O. Box 247
Dana Point, CA 92629

Re: <u>Carol Wassmann/South Orange Community College District, OAH No. 2011060807</u>

Dear Ms. Wassmann:

The Office of Administrative Hearings (OAH) has received your letter dated January 25,
2016, which was referred to me for a response. OAH no longer has jurisdiction to act on
your case with the Community College District. Our review of this case is limited to
determining whether any of our employees engaged in misconduct.

Your letter does not constitute an appeal from the decision of the Administrative Law Judge
(ALJ). Your letter indicates that you filed an appeal in the Superior Court, and that the
appeal was denied. Your letter raises several areas in which you disagree with the ALJ's
conclusions about the law and the evidence submitted during your hearing. These challenges
to the ALJ's conclusions are properly addressed to the Superior Court reviewing the
decision. We do not have jurisdiction to alter the record or the evidence that was received or
to change the outcome of your hearing.

Based on the information you provided and our preliminary review of the case information,
we do not find that there was any misconduct by the ALJ handling your case. To the extent
we determine any cause for concern about the ALJ's conduct, any action we decide to take
would be a confidential personnel matter, and we would not be able to disclose the details to
you.

Sincerely,

*Susan Formaker*
F806B89EF3C54C2...
Susan L. Formaker
Presiding Administrative Law Judge
Office of Administrative Hearings

_____ Regional Offices _____

| **Oakland** | **Sacramento** | **San Diego** | **Van Nuys** |
|---|---|---|---|
| 1515 Clay Street | 2349 Gateway Oak Drive | 1350 Front Street | 15350 Sherman Way |
| Suite 206 | Suite 6200 | Suite 6022 | Suite 300 |
| Oakland, CA 94612 | Sacramento, CA 95833 | San Diego, CA 92101 | Van Nuys, CA 91406 |
| (510) 622-2722 | (916) 263-0550/(916) 263-0880 | (619) 525-4475 | (818) 904-2383 |
| (916) 376-6323 fax | (916) 376-6349/(916) 376-6319 fax | (916) 376-6325 fax | (916) 376-6319 fax |

(Exhibit : Z 2)

Lisa said that they

unique to
that company &
↳ they get a little bit
of a discount

neopost
02/03/2016
US POSTAGE
FIRST-CLASS MAIL
$00.48⁵

ZIP 90013
041L10234664

LOS ANGELES
CA 900
03 FEB '16
PM 5 L

Office of Administrative Hearings
Department of General Services
320 W. 4th Street, Suite 630
Los Angeles, CA 90013

Ms. Carol Elaine Wassmann
P. O. Box 247
Dana Point, CA 92629

92629024 7747

(Exhibit: Z 3)

3.

provisions, the administrative law judge may order lodged with it matters provided in subdivision (b) of Section 915 of the Evidence Code and examine the matters in accordance with its provisions.

(e) The administrative law judge shall decide the case on the matters examined in camera, the papers filed by the parties, and such oral argument and additional evidence as the administrative law judge may allow.

(f) Unless otherwise stipulated by the parties, the administrative law judge shall no later than 15 days after the hearing make its order denying or granting the motion. The order shall be in writing setting forth the matters the moving party is entitled to discover under Section 11507.6. A copy of the order shall forthwith be served by mail by the administrative law judge upon the parties. Where the order grants the motion in whole or in part, the order shall not become effective until 10 days after the date the order is served. Where the order denies relief to the moving party, the order shall be effective on the date it is served.

(Exhibit: AA)

**David A. Urban**

| | |
|---|---|
| **From:** | Karima Feldhus [kfeldhus@ivc.edu] |
| **Sent:** | Monday, February 22, 2010 3:43 PM |
| **To:** | Earl Pagal |
| **Cc:** | John Edwards; Anthony Rodgers; Teddi Lorch |
| **Subject:** | RE: Fumes |

Hi Earl,

Thank you. I will seek advice from HR.

Karima

**From:** Earl Pagal
**Sent:** Monday, February 22, 2010 2:52 PM
**To:** Karima Feldhus
**Cc:** John Edwards; Anthony Rodgers; Teddi Lorch
**Subject:** Fumes

Hi Karima:
According to John, there are no detectable fumes or smells that would cause them to react to the situation. Perhaps at this point you can ask the employee what is it that she smells and what does it do to her. Can we also ask her doctor to provide us with direction as to what types of smells she should avoid and what it does to her.

Earl Pagal
District Risk Manager
Office of Risk Management and Benefits
949-582-4512
Fax: 949-364-0949

CONFIDENTIALITY NOTICE: This communication and any documents, files, or previous e-mail messages attached to it constitute an electronic communication within the scope of the Electronic Communication Privacy Act, 18 USCA 2510. This communication may contain non-public, confidential, or legally privileged information intended for the sole use of the designated recipient (s). The unlawful interception, use, or disclosure of such information is strictly prohibited under 18 USCA 2511 and any applicable laws. If you are not the intended recipient, or have received this communication in error, please notify the sender immediately by reply e-mail or by telephone at (949) 582-4512 and delete all copies of this communication, including attachments, without reading them or saving them to disk. Thank you.

Exhibit: BB

1/22/2012



28000 MARGUERITE PARKWAY, MISSION VIEJO, CA 92692-3635 ● 949.582.4999 ● FAX 949.364.2726 ● WWW.SOCCCD.EDU

SADDLEBACK COLLEGE ● IRVINE VALLEY COLLEGE ● ADVANCED TECHNOLOGY & EDUCATION PARK

*4 months later*

August 18, 2011

*Defendants heartless actions towards Black (Faculty) Plaintiff i.e., her well-being is not important.*

Carol Wassmann
Post Office Box 247
Dana Point, CA  92629

**This notice contains important information about your right to continue your health care coverage in the South Orange County Community College District Group Health Plan (the Plan).** Please read the information contained in this notice very carefully.

To elect COBRA continuation coverage, follow the instructions on the following pages to complete the enclosed Election Form and submit it to us.

If you do not elect COBRA continuation coverage, your coverage under the Plan will end on **07/31/2011** due to: 

☒ End of employment
    ☒ Involuntary ☐ Voluntary
☐ Divorce or legal separation
☐ Death of employee
☐ Entitlement to Medicare
☐ Reduction in hours of employment
☐ Loss of dependent child status

Each person ("qualified beneficiary") in the category(ies) checked below is entitled to elect COBRA continuation coverage, which will continue group health care coverage under the Plan for up to **18** months:

☒ Employee or former employee
☒ Spouse or former spouse
☒ Dependent child(ren) covered under the Plan on the day before the event that caused the loss of coverage
☐ Child who is losing coverage under the Plan because he or she is no longer a dependent under the Plan

If elected, COBRA continuation coverage will begin on **08/01/2011** and can last until **01/31/2013**. You may elect any of the following coverage options in which you are already

Exhibit: CC (1)

BOARD OF TRUSTEES: THOMAS A. FUENTES. WILLIAM O. JAY, DAVID B. LANG, FRANK M. MELDAU,
MARCIA MILCHIKER, NANCY M. PADBERG, T.J. PRENDERGAST, III  ●  GARY L. POERTNER, CHANCELLOR

AN EQUAL OPPORTUNITY EMPLOYER



SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT

28000 MARGUERITE PARKWAY, MISSION VIEJO, CA 92692-3635

ADDRESS SERVICE REQUESTED

Carol Wassmann
Post Office Box 247
Dana Point, CA  92629

PRESORTED
FIRST CLASS

UNITED STATES POSTAGE

$ 00.41⁴
PITNEY BOWES
02 1M
0004287012
AUG 23 2011
MAILED FROM ZIP CODE 92692

Exhibit: CC (2)

2

```
 1        Santa Ana, California - Tuesday, April 12, 2016
 2                      Morning Session
 3        (The following proceedings were had in open court:)
 4        THE COURT:  Number 14, Wassmann versus South Orange
 5   County Community College District, et al.
 6        MR. FEINBERG:  Good morning, Your Honor.  Michael
 7   Feinberg for Defendants Long and Schmeidler.
 8        MR. WALLIN:  Good morning, Your Honor.  Matthew Wallin
 9   for Defendants South Orange County Community College
10   District, Karima Feldhus, Robert Brumucci, and Glenn
11   Roquemore.
12        THE COURT:  Thank you.
13        MS. WASSMANN:  Carol Wassmann, in pro per.
14        THE COURT:  Thank you, ma'am.  You've all read my
15   tentative.  Would anybody like to speak to it?  I'd be happy
16   to hear.
17        MS. WASSMANN:  Your Honor, I do have an addendum.  I
18   didn't have time to put it in for the 28th, so I have an
19   addendum for the Court and for the opposing side.
20        THE COURT:  I can't keep you from filing anything, but
21   I will tell you this:  Our rules prohibit anything to be
22   filed after the period has expired.  I did find that the
23   Defendants, the moving Defendants properly filed and served
24   their motion, giving you an opportunity to file your
25   opposition to it, and they filed their reply in a timely
26   fashion.  You could have included in your opposition all the
```

Exhibit: DD

Jay M. Bullard, CSR 3455

**Carol Wassmann**

| | |
|---|---|
| .n: | Carol Wassmann |
| **Sent:** | Friday, September 10, 2010 10:38 AM |
| **To:** | Jayne Sinegal |
| **Cc:** | Melody Harper; Tiffany Tran; Kristine Murakami |
| **Subject:** | Beckman High School & El Toro High School |

Dear Jayne,

Professor Harper and I have discussed the tentative schedule for the up-coming library orientations at Beckman High School and El Toro High School. Professor Harper will facilitate both Counseling 10 (lessons), and I will conduct the library orientation as follows:

El Toro High School
Friday, September 17th, 2010
Time: 8:00a.m.
Location: Computer Lab (in the library building)
Approx: 35 students

Beckman High School
Thursday, September 23rd, 2010
Time: 7:45a.m.
Location: Computer Lab (200-214)
    )rox: 29 students

Professor Harper has provided me with the class roster, and Kris has kindly offered to generate the students library I.D. cards (for this special session).
Professor Harper will get back to me (sometime next week), to confirm date and times.

Sincerely,
Carol Wassmann
Professor/Librarian

Exhibit: EE (1)

# Hillview High School

Invites you to participate in our
**Annual Career Fair**
**Wednesday**
**October 27, 2010**
**Where: Hillview's Grassy Quad**
**19061 Foothill Blvd.**
Santa Ana, 92705
**Phone: 714-730-7356**



When: Wednesday October 27, 2010  **9:30 am to 12:00 pm**
We will provide tables & a FREE BBQ Lunch
Please be prepared for sunshine, we will be outdoors!

Please **Fax this form or E-Mail back by Oct. 20 to confirm your participation.**



**To Nubia Barcelo**
**Fax # 714-730-7584**
E-Mail: **nbarcelo@tustin.k12.ca.us**

Yes ✔    no _____

College or Company Name __Irvine Valley College__

Contact Person Name __Carol Wassmann__

Phone or Fax# __(949) 451- 5788 (office)__

EXhibit: EE(2)

### III.

### Facts Vs. MISINFORMATION

David Bugay is the <u>Director</u> of Human Resources <u>not</u> Ettie Graham. She is the <u>assistant</u>.

Long and Schmeidler were both: "…M.I.A…" on: **October 6th, 2010, when an impromptu evaluation was set-up. (9 CT 2405: 102). Schmeidler at (OAH) was <u>not</u> familiar with the term: "…WEINGARTEN RIGHTS…"**

**(9 CT 2434: 33).**

#### Subpoena (SOCCCD)

**PERJURY (§ 118. Penal Code). This court's opinion on page: Six (6)**

**<u>Jayne Sinegal</u>'s daughter <u>Anasa Sinegal</u> <u>was the instructor</u> for the class <u>not</u> a student.**

**Proof: (IVC) Class Schedule**

**Anasa's (Signed: Employment Contract with (SOCCCD)**

**Anasa's Tax Returns (2010)**

**CREATING A SITUATION OF "DOUBLE" JEOPARDY FOR APPELLANT**

**WASSMANN WAS <u>NEVER</u> GIVEN A SHELF LIST TOO COMPLETE THE JOB. Dean <u>never</u> generated (a shelf-list). (Page: (6)) (2 CT 310)**

Graham could <u>not</u> have emailed WASSMANN a link too the District's Discrimination Complaint Form. **Defendant's Exhibit Document is dated: 2015. Appellant was (wrongfully) terminated in 2011. [Citation.]…**

2

Exhibit: FF

## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                                )
COUNTY OF LOS ANGELES  )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 years of age, and am not a party to the within action; my business address is 16633 Ventura Boulevard, Suite 800, Encino, CA 91436.

      On the date herein below specified, I served the foregoing document, described as set forth below on the interested parties in this action by placing true copies there of enclosed in sealed envelopes, at Encino, California, addressed as follows:

DATE OF SERVICE      :    June 18, 2018

DOCUMENT SERVED   :    **REQUEST FOR PUBLICATION OF JUNE 12, 2018 APPELLATE OPINION**

PARTIES SERVED      :    SEE ATTACHED SERVICE LIST

<u>XXX</u>  (BY REGULAR MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

<u>XXX</u>  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED at Encino, California on June 18, 2018.

_Evelyn Ruano_

Evelyn Ruano

Exhibit: GG (1)

<u>SERVICE LIST</u>

*Carol Wassmann v. South Orange County Community College District*
Court of Appeals Case No.: G053411
Orange County Superior Court Case No.: 30-2013-00692313

<table>
<tr><td><b><u>PLAINTIFF IN PRO PER</u></b><br><br>Carol Wassman<br>P.O. Box 247<br>Dana Point, CA 92629<br>(949) 493-1908</td></tr>
<tr><td><b><u>ATTORNEY FOR DEFENDANTS:  LEWIS LONG, KATHERINE<br>SCHMEIDLER</u></b><br><br>Amy Moolin Cu, Esq.<br>Schwartz, Steinsapir, Dohrmann & Sommers LLP<br>6300 Wilshire Boulevard, Suite 2000<br>Los Angeles, California 90048-5268<br>Phone: 323-655-4700<br>Fax: 323-655-4488</td></tr>
<tr><td>Frederick P. Aguirre, Dept. C23<br>Orange County Superior Court<br>700 Civic Center Drive West<br>Santa Ana, CA 92701</td></tr>
</table>

**PROOF OF SERVICE**

Exhibit: GG(2)

**IVC** IRVINE VALLEY COLLEGE
5500 Irvine Center Drive, Irvine, CA 92618

Carol Wassmann
*Librarian*
*School of Library Services*

(949) 451-5788 Office      Reference (949) 451-5266
(949) 451-5796 Fax            cwassmann@ivc.edu
South Orange County Community College District

(Exhibit: HH₂)

REICH, ADELL & CVITAN

A PROFESSIONAL LAW CORPORATION

3550 WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90010
TEL: (213) 386-3860 • FAX: (213) 386-5583
www.rac-law.com

HIRSCH ADELL
ALEXANDER B. CVITAN
MARIANNE REINHOLD
LAURENCE S. ZAKSON
CARLOS R. PEREZ
NEELAM CHANDNA

J. DAVID SACKMAN
MARSHA M. HAMASAKI
PETER A. HUTCHINSON
WILLIAM Y. SHEH
NATALIA BAUTISTA
KENT MORIZAWA
AARON G. LAWRENCE
ANGELA SERRANZANA
ALLAN D. SHULDINER

OF COUNSEL
GEORGE A. PAPPY

JULIUS MEL REICH
(1933 - 2000)

March 13, 2012

Carol Wassmann
P.O. Box 247
Dana Point, Ca 92629

Re: <u>Briefs in Your Case</u>

Dear Carol,

Enclosed you will find copies of the brief initially filed by the South Orange County Community College District on February 14, 2012, as well as a copy of my closing brief which I filed and served by fax on March 8. The District will be filing one more reply brief on March 19 before the case is submitted for a written decision by the judge. I expect that decision to be issued sometime in June. Of course, I will contact you immediately when my office receives it.

Very truly yours,

REICH, ADELL & CVITAN

Carlos R. Perez

CARLOS R. PEREZ

CRP/slb

Enclosures

cc:   Eric Lampel, Esq. (w/enclosures)

198414.1


( Exhibit: HH 2 )

1 | MARIANNE REINHOLD (CSB 106568),
CARLOS R. PEREZ (CSB 181647) and
2 | KENT MORIZAWA (CSB 260453), Members of
REICH, ADELL & CVITAN
3 | A Professional Law Corporation
3550 Wilshire Blvd., Ste. 2000
4 | Los Angeles, California 90010
Telephone: (800) 386-3860
5 | Facsimile: (213) 386-5583

6 | Attorneys for Respondent

7

8 | BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS

9 | OF THE STATE OF CALIFORNIA

10

11 | In the Matter of the Dismissal Of:        OAH CASE NO. 2011060807

12 | CAROL WASSMANN,                           RESPONDENT'S CLOSING BRIEF

13

14 |                     Respondent.           Hearing:   January 17, 19, 20, 23-24, 2012
                                              Time:      10:00 a.m.
15 |                                           Place      OAH Los Angeles

16

17

18 | I. INTRODUCTION

19

20 |     In this proceeding, the Governing Board of the South Orange County Community College

21 | District (District) alleges that respondent Carol Wassmann, a full-time librarian at Irvine Valley

22 | College and a permanent employee of the District, is guilty of (a) unprofessional conduct,

23 | (b) unsatisfactory performance, (c) evident unfitness for service and (d) the allegedly persistent

24 | violation of and refusal to obey reasonable regulations prescribed by the College.  Wassmann

25 | believes, for the reasons specified below, that the allegations raised by the District lack merit, and

26 | that she should be reinstated to her position with back pay.

27 | ///

28 | ///

( EXhibit: HH 3 )

RESPONDENT'S CLOSING BRIEF

S250111

Case No. ___G053411___

SUPREME COURT
FILED

JUL 2 4 2018

Jorge Navarrete Clerk

Deputy

## IN THE SUPREME COURT OF CALIFORNIA

### CAROL ELAINE WASSMANN

### Plaintiff and Appellant

### Vs.

### SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT et, al.,

### Defendants and Respondents

After a Decision of the Court of Appeal

Fourth Appellate District, Division Three

Orange County Superior Court Case No. 30-2013-00692313

Honorable Frederic P. Aguirre, Judge

## PETITION FOR REVIEW

Carol Elaine Wassmann, **(In Pro Per)**

P.O. Box 247

Dana Point, CA 92629

Telephone: (949) 493-1908

RECEIVED

JUL 2 3 2018

CLERK SUPREME COURT

Exhibit: HH(4)

Court of Appeal, Fourth Appellate District, Division Three
Kevin J. Lane, Clerk/Executive Officer
Electronically FILED on 6/12/2018 by Debra Saporito, Deputy Clerk

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUN 1 2 2018

DAVID H. YAMASAKI, Clerk of the Court

BY: R. MCADAMS DEPUTY

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. 

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CAROL E. WASSMANN, | |
| Plaintiff and Appellant, | |
| v. | G053411 |
| | (Super. Ct. No. 30-2013-00692313) |
| SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Frederick P. Aguirre, Judge. Affirmed. Request for Judicial Notice. Granted in part and denied in part. Motion to strike Appellant's opening brief. Denied.

Carol E. Wassmann, in pro. per., for Plaintiff and Appellant.

Walsh & Associates, Dennis J. Walsh and Matthew C. Wallin for Defendants and Respondents South Orange County Community College District, Karima Feldhus, Robert Brumucci and Glenn Roquemore.

Exhibit: HH(5)

and office hours) by not attending a January 7, 2010 school meeting. Wassmann also submitted her spring schedule in an incorrect format.

On January 26, 2010, Sinegal assigned Wassmann the task of conducting a bibliographical instruction during a shift at the reference desk. Wassmann refused the task and asked a colleague to cover the instruction. At her deposition, Wassmann testified she believed she could turn down a request from the department chair to teach the class. Wassmann also testified one reason for turning down the request was that Sinegal's daughter was going to be a student in the class.

This is A Blatant Lie

On February 8, 2010, Feldhus and Graham went to Wassmann's office to speak with her about a nondisciplinary matter. Feldhus and Graham knocked on Wassmann's locked office door. Feldhus advised Wassmann this was a nondisciplinary meeting. Wassmann opened the door, stated, "I'll be right there," closed the door, and did not come out. Wassmann called Feldhus's secretary and asked her to leave messages for Feldhus that Wassmann would not meet without a union representative. Feldhus, after receiving the message from her secretary, called Schmeidler and invited her to the meeting. Wassmann allowed Schmeidler into her office and they spoke for about 10 minutes while Feldhus and Graham waited outside.

Wassmann and Schmeidler met with Feldhus and Graham to discuss Wassmann locking her office door. Feldhus later directed Wassmann to post a sign on her closed door stating that Wassmann was inside and available during normal working hours. Wassmann did not post the sign but instead would put up a small label stating the "door is unlocked."

In September 2009, Feldhus had assigned Wassmann the project of updating the library's audio-visual collection. On February 9, 2010, Feldhus observed Wassmann working on the audio-visual collection project. According to Feldhus, Wassmann demonstrated a lack of understanding of the project and a lack of a plan for completing it, and failed to use staff for the project, as she had been directed to do.

6

Exhibit: HH (6)