# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 22-01731-FWS (DFMx) | Date | September 27, 2022 |
| Title | Carol Elaine Wassmann v. South Orange County Community College District et al | | |

**PRESENT:**

**HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

Melissa H. Kunig
Deputy Clerk

Not Reported
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:

None Present

ATTORNEYS PRESENT FOR DEFENDANT:

None Present

**PROCEEDINGS: ORDER TO SHOW CAUSE**

The court is in receipt of Plaintiff's Complaint [1] and Request to Proceed In Forma Pauperis ("IFP") [3]. Pursuant to 28 U.S.C. § 1915's screening requirement for complaints filed in connection with IFP applications, the court observes the Complaint may be barred by the applicable statutes of limitation and/or lack allegations supporting subject matter jurisdiction. Accordingly, the court **ORDERS** Plaintiff to show cause in writing, within thirty (30) days of this Order: (1) why the applicable statutes of limitations for each of Plaintiff's claims has not expired; (2) whether Plaintiff's claims have previously been litigated in any federal or state court, and if so, the specific case number(s) and outcome(s) of those case(s); and (3) the grounds on which this court has subject matter jurisdiction over this action. See 28 U.S.C. § 1915(e)(2) ("Under § 1915(e)(2), a complaint filed IFP may be dismissed at any time if the court determines that the action or appeal: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune to such relief."); see also Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints."). Failure to respond to this Order by the deadline above may result in the dismissal of this action with or without prejudice. See Fed. R. Civ. P. 41(b); Pagtalunan v. Galaza, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming sua sponte dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); Link v. Wabash R.R., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."). The court defers ruling on Plaintiff's Request to Proceed IFP [3] pending resolution of this Order.

_____ : _____

Initials of Deputy Clerk   mku